1  Nancy K. Delaney, SBN 70617
   Nicholas R. Kloeppel, SBN 186165
2  MITCHELL, BRISSO, DELANEY & VRIEZE
   Attorneys at Law
3  814 Seventh Street
   P. O. Drawer 1008
4  Eureka, CA  95502
   Tel:  (707) 443-5643
5  Fax: (707) 444-9586

6  Attorneys for Defendants
   CITY OF EUREKA, JUSTIN WINKLE,
7  ADAM LAIRD, GARY WHITMER, STEVEN WATSON,
   TIM JONES, JOSH SIIPOLA and BRIAN FRANCO
8

9            UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11 SIEHNA M. COTTON, a minor, by          CASE NO.:  C 08-04386 SBA
   Fungula Fumu Ngondji, her guardian ad
12 litem; and MARTIN COTTON, SR., an      **APPLICATION FOR AN ORDER TO**
   individual,                            **SHOW CAUSE RE CIVIL**
13                                        **CONTEMPT FOR FAILURE TO**
                                          **COMPLY WITH DEPOSITION**
14          Plaintiffs,                   **SUBPOENA AND MOTION FOR**
                                          **SANCTIONS AGAINST PLAINTIFFS'**
15 vs.                                    **COUNSEL**

16 CITY OF EUREKA, CALIFORNIA, a
   political subdivision of the State of
17 California; COUNTY OF HUMBOLDT,
   CALIFORNIA, a political subdivision of
18 the State of California, et al.,

19          Defendants.

20

21

22

23

24

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

APPLICATION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT FOR FAILURE TO COMPLY
WITH DEPOSITION SUBPOENA AND MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL

1  I.    **INTRODUCTION**

2      Plaintiffs have filed an action under 42 USC §1983 and state law in the Northern

3  District of California against the City of Eureka, the County of Humboldt and various law

4  enforcement and correctional officers arising from the death of Martin Cotton II.

5  Plaintiffs allege that Mr. Cotton died from head injuries caused by defendants. Billing

6  and medical records received to date indicate that Mr. Cotton may have suffered a

7  previous brain injury, had a seizure disorder, and received care for these conditions at

8  University of California at Davis beginning in May 2003.

9      On January 25, 2010, defendants subpoenaed medical records from University of

10  California at Davis Health Services—Health Information Management ("UC Davis").

11  The subpoena was issued by the Eastern District of California.

12      Beginning on February 5, 2010, plaintiffs' attorney, Vicki Sarmiento, instructed

13  defendants' copy service and UC Davis not to produce records demanded pursuant to the

14  subpoena. No written objections have been served and no motion regarding the subpoena

15  has ever been filed by plaintiffs' counsel. Any attempt to do so at this time would be

16  untimely. Moreover, there is no proper basis to object to the subpoena, which seeks

17  production of records relevant to this litigation.

18      Based on the foregoing, defendants respectfully request that the court issue a

19  contempt order against UC Davis to obtain the records, and issue monetary sanctions

20  against UC Davis or plaintiffs' counsel Sarmiento for engaging in dilatory tactics during

21  discovery.

22  II.   **FACTUAL BACKGROUND**

23      By way of their complaint, plaintiffs allege various state claims and federal claims

24  under 42 USC §1983, against the City of Eureka, the County of Humboldt and various

25  individual law enforcement and correctional officers arising from the death of Martin

26  Cotton II. (First Amended Complaint attached to the Declaration of Nancy K. Delaney

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1

APPLICATION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT FOR FAILURE TO COMPLY
WITH DEPOSITION SUBPOENA AND MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL

1    [Dec. of Delaney] as ***Exhibit A***.)  Specifically, plaintiffs allege that Mr. Cotton died from

2    head injuries incurred during his arrest and as a result of being denied medical treatment

3    while incarcerated in the Humboldt County Jail.  (*Id.*, 7:1-4.)

4         In January 2010, defendants received records from St. Joseph Hospital, which

5    indicate that decedent may have had a preexisting head injury, seizure disorder, and other

6    health conditions relevant to life expectancy, and that he may have been treated for such

7    conditions at UC Davis.  (Excerpts of Medical Records from St. Joseph Hospital are

8    attached to the Dec. of Delaney as ***Exhibit B***.)  Additionally, billing records from UC

9    Davis Medical Center were provided pursuant to subpoena, which establish that the

10   decedent was treated at UC Davis beginning in May 2003.  (Billing Records from UC

11   Davis Medical Center attached to the Dec. of Delaney as ***Exhibit C***.)  Decedent was also

12   seen at UC Davis Medical Center in March 2005.  (*Id.*)

13        On January 25, 2010, defendants caused the Eastern District to issue a subpoena to

14   obtain records from UC Davis.  (Subpoena attached to the Dec. of Delaney as ***Exhibit D***.)

15   The records sought are described in the subpoena as follows:

16        All documents relating to patient's medical/dental histories; complaints;
          symptoms; examinations; findings; diagnosis; prognosis; sign-in sheets;
17        photographs; video tapes; treatment; physical therapy; including without
          limited the generality of the foregoing, all correspondence including but not
18        limited to other written or graphic material.

19        On February 5, 2010, three days before UC Davis was required to respond to the

20   subpoenas, plaintiffs' counsel Vicki Sarmiento forwarded a letter to defendants'

21   subpoena service stating that plaintiffs were objecting to the subpoenas and instructed

22   that the subpoenaed information not be produced.  (Letter from Ms. Sarmiento to Quest

23   Discovery Services, dated February 5, 2010, attached to the Dec. of Delaney as ***Exhibit

24   E***.)  No written basis for the objection was stated and Ms. Sarmiento did not provide a

25   copy of the letter to defense counsel.  (Dec. of Delaney.)  Defense counsel learned of the

26   letter when defendants' subpoena service contacted defense counsel's office.  (*Id.*)

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

2

APPLICATION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT FOR FAILURE TO COMPLY
WITH DEPOSITION SUBPOENA AND MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL

1  On February 19, 2010, defense counsel wrote a letter to defendants' subpoena

2 service instructing it to copy and produce the records, as plaintiffs' counsel had not

3 properly challenged the subpoenas. (Letter from Nancy K. Delaney to Kim Sundin at

4 Quest Discovery Services, dated February 19, 2010, attached to the Dec. of Delaney as

5 *Exhibit F*.) This letter was forwarded to plaintiffs' counsel. (*Id*.)

6  During the latter part of February 2010, through March 2010, defense counsel

7 diligently attempted to obtain the records through the subpoena service. (Dec. of

8 Delaney.) In March and April 2010, defense counsel spoke to a representative of UC

9 Davis on several occasions and informed the representative that the records must be

10 provided as no motion to quash, modify or otherwise limit the subpoenas had been filed.

11 (*Id*.)

12  Defense counsel was informed that plaintiffs' counsel Sarmiento had instructed

13 UC Davis not to produce the records because plaintiffs intended to file a motion to quash.

14 (*Id*.) On the same day, defense counsel informed UC Davis that it was required to

15 respond to the subpoenas as plaintiffs' proposed motion was untimely. (*Id*.) The

16 representative from UC Davis stated that she would consider this and make a decision as

17 to how it would respond under the circumstances. (*Id*.) It was recently learned that UC

18 Davis refuses to comply with the subpoena without a further court order. (*Id*.)

19  To this day, UC Davis has served no written objections to the subpoenas, nor have

20 plaintiffs filed a motion to quash, modify or to otherwise limit the subpoenas. (*Id*.)

21 Moreover, plaintiffs' counsel has not provided any basis for their "objections," and have

22 misrepresented that plaintiffs intended to file a motion to quash the subpoenas. (*Id*.)

23  Defense counsel spoke with co-counsel Brian Claypool, who agreed to discuss the

24 matter with Ms. Sarmiento and "get back to" defense counsel. (*Id*.)

25  Defense counsel contacted Ms. Sarmiento on May 4, 2010, to meet and confer

26 regarding the subpoena. (*Id*.) Ms. Sarmiento sought to limit the subpoena to one year

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

3

APPLICATION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT FOR FAILURE TO COMPLY
WITH DEPOSITION SUBPOENA AND MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL

1   prior to Mr. Cotton's death and to exclude psychological and/or counseling records.  (*Id.*)

2   The subpoena does not seek psychological and/or counseling records.  (*Id.*; see also,

3   *Exhibit D.*)  Moreover, from the records received to date, it does not appear that Mr.

4   Cotton was treated at UC Davis within one year of his death.  (*Id.*)  As such, plaintiffs'

5   counsel's initial response to defense counsel's attempt to meet and confer was *per se*

6   unreasonable.  (*Id.*)

7          Defense counsel continued to meet and confer with Ms. Sarmiento from May 5-7,

8   2010.  (Dec. of Delaney.)  Ms. Sarmiento agreed to provide defense counsel with an

9   updated response on May 7, 2010, by 10:00 a.m.  (Letter from Ms. Delaney to Ms.

10  Sarmiento, dated May 6, 2010 attached to the Dec. of Delaney as *Exhibit G.*)  UC Davis

11  was also advised that defense counsel would be seeking a contempt order against it if the

12  records were not provided based on UC Davis' failure to comply with the subpoenas.

13  (Letter from Ms. Delaney to Ms. Cattrell and Ms. Partida at UCDHA-Health Insurance

14  Management, dated May 6, 2010, attached to the Dec. of Delaney as *Exhibit H.*)

15         On May 7, 2010, Ms. Sarmiento faxed a letter to defense counsel claiming that she

16  had consulted with her co-counsel, Dale Galipo, and that they had determined that

17  plaintiffs would provide an authorization for records beginning three years prior to

18  decedent's death, i.e. records dating back to August 9, 2004.  (Letter from Ms. Sarmiento

19  to Ms. Delaney, dated May 7, 2010, attached to the Dec. of Delaney as *Exhibit I.*)

20  Plaintiffs' proposal would deny defendants' access to records from May 2003, which are

21  identified in billing records obtained from UC Davis.  (Dec. of Delaney and *Exhibit C.*)

22  Ms. Sarmiento has made no effort to explain this seemingly arbitrary offer to limit the

23  disclosure of records to only three years prior to decedent's death.  (Dec. of Delaney and

24  *Exhibit I.*)

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

4

APPLICATION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT FOR FAILURE TO COMPLY
WITH DEPOSITION SUBPOENA AND MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL

1   Defense counsel wrote a letter to plaintiffs' counsel declining plaintiffs' counsel's

2   offer. (Letter from Ms. Delaney to Ms. Sarmiento, dated May 7, 2010, attached to the

3   Dec. of Delaney as *Exhibit J.*)

4   **III.   ANALYSIS**

5   **A.   Authority For Civil Contempt Order and Monetary Sanctions.**

6   Deposition subpoenas – such as that served on UC Davis – are court orders, the

7   failure to comply with which constitutes contempt. Under Fed.R.Civ.P. 45(e) "[t]he

8   issuing Court may hold in contempt a person who, having been served, fails without

9   excuse to obey the subpoena." Contempt may be either civil or criminal. Civil contempt

10  is designed to compel an action and compensate the parties for loses resulting from non-

11  compliance. *United States v. United Mine Workers of American*, 330 U.S. 258, 303-304

12  (1947). Civil contempt is authorized by 28 U.S.C. §1826(a). A district court has wide

13  latitude in determining whether there has been a contemptuous defiance of one of its

14  orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

15  "The moving party has the burden of showing by clear and convincing evidence

16  that the contemnors violated a specific and definite order of the court." *FTC v.*

17  *Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). Once the moving party meets its

18  burden, the burden shifts to the contemnor to demonstrate that he or she took every

19  reasonable step to comply and to articulate reasons why compliance was not possible.

20  *See, Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983).

21  Federal courts have inherent power to impose monetary sanctions against

22  attorneys, parties and non-parties for "bad faith" conduct in litigation including "willful

23  disobedience" of a subpoena (i.e. a court order). *Chambers v. NASCO, Inc.*, 501 U.S. 32,

24  43 (1991); *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg.*, 982 F.2d 363, 368, n.

25  2 (9th Cir. 1992) (A district court has inherent power to "impose sanctions for discovery

26  abuses that may not be a technical violation of the discovery rules."); and *Pennwalt Corp*

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

5

1   *v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983).  The court's inherent powers

2   "are governed not by rule or statute but by the control necessarily vested in courts to

3   manage their own affairs so as to achieve the orderly and expeditious disposition of

4   cases."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).  A party may be shown to

5   have acted in "bad faith" by intentionally delaying or disrupting litigation, or hampering

6   enforcement of a court's order.  *Id.* at 45-46.

7         **B.**     **Medical Records From UCDHS, UC Davis Medical Center and the UC**

8                 **Regents Must Be Produced Because Plaintiffs Have Not Filed A Timely Motion To Quash the Subpoenas, Nor Have UCDHS, UC Davis Medical Center or the UC Regents Objected To The Subpoenas.**

9

10       A letter and verbal statements that plaintiffs' counsel objects to the subpoena,

11   without stating any grounds, are not proper means for a party to challenge a subpoena for

12   records from a non-party.  Although a non-party witness may serve written objections to

13   a subpoena (F.R.C.P. 45 (c)), a party must either move to quash or modify the subpoena

14   under Federal Rules of Civil Procedure 45 (c) (3) (A), or move for a protective order

15   under Rule 26 (c).  Any such motion must be filed "promptly" because it must be heard

16   and granted before the response date—the motion itself does not postpone the date of the

17   response to the subpoena.  See, *King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d

18   188, 191 (5th Cir. 1983)

19       Plaintiffs have not filed a motion to quash or modify the subpoena, nor have they

20   moved for a protective order.  Rather, plaintiffs' counsel Sarmiento wrote a letter to

21   defendants' subpoena service stating that her office objected to the subpoena.  The letter

22   stated no grounds for the objection.  Since then, according to UC Davis representative,

23   Ms. Sarmiento has verbally informed UC Davis that she intended to file a motion to

24   quash.  To date, no motion challenging the subpoena has been filed.

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

6

1  UC Davis has not served any written objections to the subpoena, but has willfully

2  refused to comply at Ms. Sarmiento's direction. Any such objections were required to

3  have been filed within 14 days after service of the subpoena, i.e. February 8, 2010.

4  Any motion by plaintiffs or written objections by UC Davis are now untimely and,

5  as a result, contempt orders should issue against UC Davis. Further, monetary sanctions

6  should issue against UC Davis for willfully failing to comply with lawful subpoenas

7  against plaintiffs' counsel Sarmiento for engaging in dilatory tactics during discovery in

8  bad faith.

9       **C.**    <u>**Medical Records From UCDHS, UC Davis Medical Center and the UC**</u>

10          <u>**Regents Are Relevant To The Claims And Defenses In This Lawsuit**</u>
<u>**And Are Subject To Disclosure Despite Plaintiffs' Limited Privacy**</u>

11          <u>**Interests In The Records.**</u>

12 Federal Rule of Civil Procedure (Fed.R.Civ.P.) 26(b)(1) provides that "[p]arties

13 may obtain discovery regarding any matter, not privileged, that is relevant to the claim or

14 defense of any party." In addition, for good cause, the Court may permit discovery of

15 information relevant to the subject matter involved in the action. (Fed.R.Civ.P. 26(b)(1).)

16 Relevancy is broadly construed for discovery purposes and is not limited to the precise

17 issues set out in the pleadings or to the merits of the cases. (*Oppenhiemer Fund, Inc. v.*

18 *Sanders* (1978) 437 U.S. 340, 351) (relevancy is interpreted broadly to mean matter that

19 is relevant to anything that is or may become an issue in the litigation). Information

20 sought in discovery need not be admissible at trial, so long as it appears reasonably

21 calculated to lead to the discovery of admissible evidence. (Fed.R.Civ.P. 26(b)(1).)

22 It is unclear whether plaintiffs intended to object on the ground that decedent's

23 medical records are subject to plaintiffs' right of privacy. Even assuming, *arguendo*, that

24 plaintiffs have a right to privacy over the decedent's medical records, their right of

25 privacy is conditional, not absolute, and may be infringed upon a showing of a proper

26 competing interest. *Yin v. State of California*, 95 F.3d 864, 871 (9th Cir. 1996); and *In re*

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

7

APPLICATION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT FOR FAILURE TO COMPLY
WITH DEPOSITION SUBPOENA AND MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL

1   *Crawford*, 194 F.3d 954, 959 (9th Cir. 1999).  Several factors are considered in balancing

2   the right of privacy against the interest in obtaining the information, including the

3   potential for harm in any subsequent nonconsensual disclosure, the adequacy of

4   safeguards to prevent unauthorized disclosure and the degree of need for access, among

5   other factors. *In re Crawford, supra*, 194 F.3d at 959

6        The need for decedent's complete records from UC Davis is great.  Records

7   obtained to date indicate that Mr. Cotton had an underlying seizure disorder and brain

8   injury which may have been treated at UC Davis.  The nature and extent of these

9   preexisting conditions (and other conditions that may be revealed) are relevant to

10  evaluate the injuries plaintiffs' claim were caused by the subject incident and plaintiffs'

11  recoverable damages.[1]

12       By contrast, the risk and import of further infringement of plaintiffs' privacy

13  interests is minimal, especially considering that plaintiffs' interests, if any, are diminished

14  by the fact that it is decedent's medical history, not their own, which is the subject of the

15  subpoena. *United States v. Schlette*, 842 F.2d 1574, 1581 [privacy interests are personal

16

17  _____

18  [1] Plaintiffs have asserted numerous state and federal causes of action in their complaint,
    including a cause of action for wrongful death. (See First Amended Complaint attached

19  to Dec. of Delaney as *Exhibit A*.) Under the California Wrongful Death Statute, plaintiffs
    could argue for the recovery for the following at trial: (1) the financial support that Mr.

20  Cotton would have contributed to the family either during the life expectancy that Mr.
    Cotton had before his death, or the life expectancy of plaintiffs, whichever is shorter; (2)
    the loss of gifts or benefits from Mr. Cotton; (3) the reasonable value of household

21  services that Mr. Cotton would have provided; (4) the loss of Mr. Cotton's love,
    companionship, comfort, care, assistance, protection, affection, society and moral

22  support; and (5) the loss of Mr. Cotton's training and guidance. *See*, California Civil Jury
    Instructions ("CACI") 3921. In deciding Mr. Cotton's life expectancy, the jury would be

23  allowed to consider the average life expectancy of a person Mr. Cotton's age as well as
    his health, habits, activities, lifestyle and occupation. CACI 3921; *see also, McAsey v.*

24  *U.S. Dept. of Navy*, 201 F.Supp.2d 1081, 1097, 1101 (N.D. Cal. 2002) (in a wrongful
    death action, damages are determined by all relevant factors, including the deceased's

25  health, physical condition, eating, drinking, smoking habits, lifestyle, occupation and the
    nature of the relationship with plaintiffs).  Medical records regarding a prior head injury

26  would be relevant to assessing his life expectancy among other issues relevant to
    evaluating his recoverable damages.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

8

APPLICATION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT FOR FAILURE TO COMPLY
WITH DEPOSITION SUBPOENA AND MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL

1    and do not survive death.].  Moreover, the issue of decedent's preexisting head injuries

2    was brought to bear by plaintiffs in filing the subject lawsuit.

3        Based on the foregoing, contempt orders should issue against UC Davis requiring

4    production decedent's medical and dental records.  Additionally, sanctions should issue

5    against plaintiffs and/or plaintiffs' counsel Sarmiento for engaging in dilatory tactics

6    during discovery.

7    **IV.   CONCLUSION**

8        For the aforementioned reasons, defendants respectfully request that an order of

9    contempt be issued against UC Davis requiring production of decedent's medical and

10   dental records.  Defendants also respectfully request that monetary sanctions issue against

11   UC Davis for failure to comply with lawful subpoenas and/or plaintiffs' counsel

12   Sarmiento for engaging in dilatory tactics during discovery in an amount according to

13   proof at the hearing.

14   DATED:  May 11, 2010                    MITCHELL, BRISSO, DELANEY & VRIEZE

15

16                                           By: /s/ Nicholas R. Kloeppel
                                                 Nancy K. Delaney
17                                               Nicholas R. Kloeppel
                                                 Attorneys for Defendants CITY OF
18                                               EUREKA, JUSTIN WINKLE, ADAM
                                                 LAIRD, GARY WHITMER, STEVEN
19                                               WATSON, TIM JONES, JOSH
                                                 SIIPOLA and BRIAN FRANCO
20

21

22

23

24

25

26

APPLICATION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT FOR FAILURE TO COMPLY
WITH DEPOSITION SUBPOENA AND MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL