1  Nancy K. Delaney, SBN 70617
   Nicholas R. Kloeppel, SBN 186165
2  MITCHELL, BRISSO, DELANEY & VRIEZE
   Attorneys at Law
3  814 Seventh Street
   P. O. Drawer 1008
4  Eureka, CA 95502
   Tel: (707) 443-5643
5  Fax: (707) 444-9586

6  Attorneys for Defendants
   CITY OF EUREKA, JUSTIN WINKLE,
7  ADAM LAIRD, GARY WHITMER, STEVEN WATSON,
   TIM JONES, JOSH SIIPOLA and BRIAN FRANCO
8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11 | SIEHNA M. COTTON, a minor, by        | CASE NO.: C 08-04386 SBA
   | Fungula Fumu Ngondji, her guardian ad |
12 | litem; and MARTIN COTTON, SR., an    | **DECLARATION OF NANCY K.**
   | individual,                           | **DELANEY IN SUPPORT OF**
13 |                                       | **APPLICATION FOR AN ORDER TO**
   |                                       | **SHOW CAUSE RE CIVIL**
14 |          Plaintiffs,                  | **CONTEMPT FOR FAILURE TO**
   |                                       | **COMPLY WITH DEPOSITION**
15 | vs.                                   | **SUBPOENA AND MOTION FOR**
   |                                       | **SANCTIONS AGAINST PLAINTIFFS'**
16 | CITY OF EUREKA, CALIFORNIA, a        | **COUNSEL**
   | political subdivision of the State of |
17 | California; COUNTY OF HUMBOLDT,       |
   | CALIFORNIA, a political subdivision of|
18 | the State of California, et al.,      |
   |                                       |
19 |          Defendants.                  |

20       I, NANCY K. DELANEY, declare:

21       1.    I am a member of the firm of Mitchell, Brisso, Delaney & Vrieze, which

22 has been retained to represent defendants CITY OF EUREKA, JUSTIN WINKLE,

23 ADAM LAIRD, GARY WHITMER, STEVEN WATSON, TIM JONES, JOSH

24 SIIPOLA and BRIAN FRANCO in the above-entitled action.  I have personal knowledge

25 of each statement made herein.

26

                                    1
DECLARATION OF NANCY K. DELANEY IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW
CAUSE RE CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH DEPOSITION SUBPOENA AND
MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL

1      2.      Attached hereto as ***Exhibit A*** is a true and correct copy of plaintiffs' First

2   Amended Complaint.

3      3.      In January 2010, my office received records from St. Joseph Hospital and

4   other care providers, which indicate that decedent had a preexisting head injury, and

5   information from the Humboldt County Correctional Facility reflected that he was a

6   patient at UC Davis. Additionally, billing records from UC Davis Medical Center were

7   provided to my office pursuant to subpoena, which establish that the decedent had treated

8   there beginning in May 2003 and March 2005. True and correct copies of the records of

9   St. Joseph Hospital (see circled, underlined entries) and the billing records from UC

10   Davis Medical Center are attached hereto as ***Exhibit B***.

11     4.      On January 25, 2010, my office caused the Eastern District to issue

12   subpoenas to obtain records from UC Davis. The records sought are described in the

13   subpoena as follows:

14          All documents relating to patient's medical/dental histories; complaints;
            symptoms; examinations; findings; diagnosis; prognosis; sign-in sheets;
15          photographs; video tapes; treatment; physical therapy; including without
            limited the generality of the foregoing, all correspondence including but not
16          limited to other written or graphic material.

17          True and correct copies of the subpoenas are attached hereto as ***Exhibit C***.

18     5.      On February 5, 2010, three days before UC Davis was required to respond

19   to the subpoenas, I was informed that plaintiffs' counsel, Vicki Sarmiento, forwarded a

20   letter to defendants' subpoena service (Quest Discovery Services) stating that plaintiff

21   was objecting to the subpoenas and instructed that the subpoenaed information not be

22   produced. No written basis for the objection was stated and Ms. Sarmiento did not

23   provide a copy of the letter to our office. Our office learned of the letter when

24   defendants' subpoena service contacted defense counsel's office. A true and correct copy

25   of the Letter from Ms. Sarmiento to Quest Discovery Services, dated February 5, 2010, is

26   attached hereto as ***Exhibit D***.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

2

DECLARATION OF NANCY K. DELANEY IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW
CAUSE RE CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH DEPOSITION SUBPOENA AND
MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL

6.       On February 19, 2010, I wrote a letter to Quest Discovery Services instructing it to copy and produce the records, as plaintiffs' counsel had not properly objected to the subpoenas. This letter was forwarded to plaintiffs' counsel. A true and correct copy of my letter to Kim Sundin at Quest Discovery Services, dated February 19, 2010, is attached hereto as *Exhibit E.*

7.       During the latter part of February 2010, through March 2010, my office diligently attempted to obtain the records through Quest Discovery Services. On several occasions in March and April, I spoke to representatives of UC Davis and was informed that Ms. Sarmiento had advised UC Davis that an order to quash was being obtained by counsel for plaintiffs.

8.       Thereafter, in mid April, 2010, I informed UC Davis that it was required to respond to the subpoenas as plaintiffs' had not sought a motion to quash there was no basis for this and it would be untimely at this point. The representative from UC Davis stated that she would consider this and make a decision as to how it would respond under the circumstances. It was recently learned that UC Davis refuses to comply with the subpoenas without a further court order.

9.       To this day, UC Davis has served no written objections to the subpoenas, nor have plaintiffs filed a motion to quash, modify or to otherwise limit the subpoenas. Moreover, plaintiffs' counsel has not provided any basis for their purported "objections," and have misrepresented that plaintiffs intended to file a motion to quash the subpoenas.

10.      Further, I spoke with attorney Brian Claypool, co-counsel of Ms. Sarmiento in mid April, 2010, and he agreed to confer with Ms. Sarmiento about the matter and get back to me. Having heard nothing from Mr. Claypool, I contacted Ms. Sarmiento on May 4, 2010, to meet and confer regarding the subpoenas. Ms. Sarmiento sought to limit the subpoenas to one year prior to Mr. Cotton's death and to exclude psychological and/or counseling records. The subpoenas do not seek psychological and/or counseling

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

3

DECLARATION OF NANCY K. DELANEY IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW
CAUSE RE CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH DEPOSITION SUBPOENA AND
MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL

1    records.  (See also, ***Exhibit C***.)  Moreover, from the records received to date, it does not

2    appear that Mr. Cotton was treated at UC Davis within one year of his death.  As such,

3    plaintiffs' counsel's initial response to my attempt to meet and confer was *per se*

4    unreasonable.

5        11.    I continued to meet and confer with Ms. Sarmiento from May 5-7, 2010.

6    Ms. Sarmiento agreed to provide my office with an updated response on May 7, 2010, by

7    10:00 a.m.  A true and correct copy of my letter to Ms. Sarmiento, dated May 6, 2010 is

8    attached hereto as ***Exhibit F***.

9        12.    I also informed UC Davis that defendants would be seeking a contempt

10    order against it if the records were not provided based on UC Davis' failure to comply

11    with the subpoenas.  A true and correct copy of my letter to Ms. Cattrell and Ms. Partida

12    at UCDHA-Health Insurance Management, dated May 6, 2010, is attached hereto as

13    ***Exhibit G***.

14        13.    On May 7, 2010, Ms. Sarmiento faxed a letter to me claiming that she had

15    consulted with her co-counsel, Dale Galipo, and that they had determined that plaintiffs

16    would provide an authorization for records beginning three years prior to decedent's

17    death, i.e. records dating back to August 9, 2004.  A true and correct copy of the letter

18    from Ms. Sarmiento to me, dated May 7, 2010, is attached hereto as ***Exhibit H***.

19        14.    Plaintiffs' proposal would deny defendants' access to records from May

20    2003, which are identified in billing records obtained from UC Davis.  (See also, ***Exhibit***

21    ***B***.)

22        15.    Ms. Sarmiento has never made any effort to explain the seemingly arbitrary

23    demand to limit the disclosure of records to only three years prior to decedent's death.

24    (See also, ***Exhibit H***.)

25

26

4

DECLARATION OF NANCY K. DELANEY IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW
CAUSE RE CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH DEPOSITION SUBPOENA AND
MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL

1       16.    On May 7, 2010, I wrote a letter to Ms. Sarmiento declining plaintiffs'

2  offer. A true and correct copy of my letter to Ms. Sarmiento, dated May 7, 2010,

3  (attached hereto as *Exhibit I*) and have had no response to this letter.

4       17.    Reasonable expenses (costs and fees) thus far incurred are $1,882.00,

5  including the following: (1) attorneys fees and paralegal fees in attempting to gain

6  compliance with the subpoenas and in preparing the subject application and supporting

7  documents = $1,843.00; and (2) filing fee = $39.00.

8       18.    It is further anticipated that additional reasonable costs and fees will be

9  incurred in replying to any opposition filed in the amount of $1,240.00, and in appearing

10  at the hearing in the amount of $2,500.00.

11       19.    Based on the foregoing, responding defendants seek monetary sanctions in

12  the amount of $5,622.00.

13      I declare under penalty of perjury that the foregoing is true and correct and if

14  called to testify I could testify competently thereto. Executed this 11th day of May, 2010

15  in Eureka, California.

16

17                          NANCY K. DELANEY

18

19

20

21

22

23

24

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

5

DECLARATION OF NANCY K. DELANEY IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW
CAUSE RE CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH DEPOSITION SUBPOENA AND
MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL

# *EXHIBIT A*

BRIAN E. CLAYPOOL, SBN 134674
THE CLAYPOOL LAW FIRM
1055 E. Colorado Blvd., 5th Floor
Pasadena, California 91106
becesq@aol.com
Telephone:    (626) 240-4616
Facsimile:    (626) 240-4617

VICKI I. SARMIENTO, SBN 134047
LAW OFFICES OF VICKI I. SARMIENTO
333 North Garfield Avenue
Alhambra, California 91801
vsarmiento@vis-law.com
Telephone:    (626) 308-1171
Facsimile :    (626) 308-1101

DALE K. GALIPO, SBN 144074
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367
dalekgalipo@yahoo.com
Telephone:    (818) 347-3333

Facsimile:    (818) 347-34118

Attorneys for Plaintiffs SIEHNA M. COTTON, a minor, by Fungula Fumu Ngondji, her
guardian ad litem; and MARTIN COTTON, SR., an individual

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIEHNA M. COTTON, a minor, by Fungula Fumu Ngondji, her guardian ad litem; and MARTIN COTTON, SR., an individual<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF EUREKA, CALIFORNIA, a political subdivision of the State of California; COUNTY OF HUMBOLDT, CALIFORNIA, a political subdivision of the State of California, et al.<br><br>Defendants. | Case No.: 08-CV-04386-SBA<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983);ASSAULT AND BATTERY; VIOLATION OF GOVERNMENT CODE § 845.6; WRONGFUL DEATH; SURVIVAL DAMAGES; VIOLATION OF THE FOURTEENTH AMENDMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff Siehna Cotton, for her complaint against defendants City of Eureka, County of Humboldt, Justin Winkle, Adam Laird, Gary Whitmer, Steven Watson, Tim Jones, Josh Siipola, Brian Franco, HCCF Corporal Griffin, HCCF Officer Cangas, HCCF Officer Christensen, HCCF Officer Morgan, HCCF Officer Rossiter, HCCF Officer Strong, and DOES 1 through 20, hereby alleges as follows:

## INTRODUCTION

1.     On August 9, 2007, several members of the Eureka Police Department administered a brutal beating to Martin Cotton II (hereinafter "Martin Cotton") while arresting him for allegedly causing a disturbance at the Eureka Rescue Mission. Officers used their fists, knees, feet, and night sticks, pepper spray and nun chucks to repeatedly beat Martin Cotton's head, kidneys, torso and legs, and they put a bag over his head during the beating. After the beating, they transported him to the Humboldt County Jail, where he was beaten further and where his serious need for medical attention was deliberately ignored. Two hours after arriving at the jail, Martin Cotton succumbed to his injuries—he died on the floor of a cell in the Humboldt County Jail. Martin Cotton, Sr. and Siehna Cotton, bring this action to redress the shocking violations of Martin Cotton's civil rights.

## JURISDICTION AND VENUE

2.     This action, filed to redress the violation of Martin Cotton's rights under the Fourth Amendment and Fourteenth Amendment to the United States Constitution, arises under the Civil Rights Act of 1871, 42 U.S.C. § 1983.

3.     This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

4.     Venue is proper in this district under 28 U.S.C. § 1331(b) because the defendants reside in this district, and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

/ / /

/ / /

2

## PARTIES

5.  Plaintiff Siehna Cotton is a resident of Stockton, California. Siehna Cotton is the daughter of Martin Cotton. Siehna Cotton is a minor and therefore brings this action through her grandmother, Fungula Fumu Ngondji, who has agreed to serve as Siehna's guardian ad litem. After initiating this lawsuit on behalf of Siehna, Fungula Fumu Ngondji will promptly seek this Court's approval for her to serve as guardian ad litem.

6.  Plaintiff Martin Cotton, Sr. is a resident of Loleta, California. Martin Cotton, Sr. is the father of Martin Cotton.

7.  At all relevant times, defendant Justin Winkle ("WINKLE") was employed by the City of Eureka as a police officer. WINKLE was acting within the course and scope of his employment as a Eureka Police Officer when he engaged in each of the acts alleged in this complaint.

8.  At all relevant times, defendant Adam Laird ("LAIRD") was employed by the City of Eureka as a police officer. LAIRD was acting within the course and scope of his employment as a Eureka Police Officer when he engaged in each of the acts alleged in this complaint.

9.  At all relevant times, defendant Gary Whitmer ("WHITMER") was employed by the City of Eureka as a police officer. WHITMER was acting within the course and scope of his employment as a Eureka Police Officer when he engaged in each of the acts alleged in this complaint.

10. At all relevant times, defendant Tim Jones ("JONES") was employed by the City of Eureka as a police officer. JONES was acting within the course and scope of his employment as a Eureka Police Officer when he engaged in each of the acts alleged in this complaint.

11. At all relevant times, defendant Steven Watson ("WATSON") was employed by the City of Eureka as a police officer. WATSON was acting within the course and scope of his employment as a Eureka Police Officer when he engaged in each of the acts alleged in this complaint.

12. At all relevant times, defendant Josh Siipola ("SIIPOLA") was employed by the City of Eureka as a police officer. SIIPOLA was acting within the course and scope of his employment as a Eureka Police Officer when he engaged in each of the acts alleged in this complaint.

13. At all relevant times, defendant Brian Franco ("FRANCO") was employed by the City of Eureka as a police officer. FRANCO was acting within the course and scope of his employment as a Eureka Police Officer when he engaged in each of the acts alleged in this complaint.

14. At all relevant times, defendant Griffin ("GRIFFIN") was employed by the County of Humboldt as a correctional officer (pin number 1033). GRIFFIN was acting within the course and scope of his employment for the County of Humboldt when he engaged in each of the acts alleged in this complaint.

15. At all relevant times, defendant Cangas ("CANGAS") was employed by the County of Humboldt as a correctional officer (pin number 1604). CANGAS was acting within the course and scope of his employment for the County of Humboldt when he engaged in each of the acts alleged in this complaint.

16. At all relevant times, defendant Christensen ("CHRISTENSEN") was employed by the County of Humboldt as a correctional officer (pin number 1630). CHRISTENSEN was acting within the course and scope of his employment for the County of Humboldt when he engaged in each of the acts alleged in this complaint.

17. At all relevant times, defendant Morgan ("MORGAN") was employed by the County of Humboldt as a correctional officer (pin number 1608). MORGAN was acting within the course and scope of his employment for the County of Humboldt when he engaged in each of the acts alleged in this complaint.

18. At all relevant times, defendant Rossiter ("ROSSITER") was employed by the County of Humboldt as a correctional officer (pin number 1349). ROSSITER was acting within the course and scope of his employment for the County of Humboldt when he engaged in each of the acts alleged in this complaint.

4

1      19.    At all relevant times, defendant Strong ("STRONG") was employed by the
2   County of Humboldt as a correctional officer (pin number 1080). STRONG was acting
3   within the course and scope of his employment for the County of Humboldt when he engaged
4   in each of the acts alleged in this complaint.

5      20.    At all relevant times, DOES 1 through 10 were employed by the City of Eureka
6   as police officers. DOES 1 through 10 were acting within the course and scope of their
7   employment as Eureka Police Officers when they engaged in each of the acts alleged in this
8   complaint. Plaintiff is not presently aware of the true name of DOES 1 through 10, but
9   Plaintiff will seek leave of this Court to amend this pleading to allege the true name of DOES
10  1 through 10 when they are ascertained.

11     21.    Defendant City of Eureka is a political subdivision of the State of California.
12  At all relevant times, the Eureka Police Department was a department or agency of the City
13  of Eureka.

14     22.    At all relevant times, defendants DOES 11 through 20 were employed by
15  Humboldt County and worked at the Humboldt County Jail as sheriff's deputies, medical
16  personnel, and/or other employees of the jail. DOES 11 through 20 were acting within the
17  course and scope of their employment by Humboldt County when they engaged in each of the
18  acts alleged in this complaint. Plaintiffs are not presently aware of the true name of DOES 11
19  through 20, but Plaintiffs will seek leave of this Court to amend this pleading to allege the
20  true names of DOES 11 through 20 when they are ascertained.

21     23.    Defendant Humboldt County is a political subdivision of the State of California.
22  At all relevant times, the Humboldt County Sheriff's Department was a department or agency
23  of Humboldt County. At all relevant times, the Humboldt County Jail was operated by
24  Humboldt County.

25                          **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

26     24.    Pursuant to section 910 of the California Government Code, Martin Cotton Sr.
27  and Siehna Cotton filed a claim for damages against the City of Eureka and the County of
28  Humboldt. The claim was rejected.

5

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

25.     On or about August 9, 2007, LAIRD and WINKLE arrived at the Eureka Rescue Mission in response to a call concerning a physical altercation on the premises, reportedly involving Martin Cotton.

26.     After arriving at the Eureka Rescue Mission, LAIRD and WINKLE arrested Martin Cotton. Without investigating the nature of the disturbance, LAIRD and WINKLE arrested Mr. Cotton. In the course of arresting Martin Cotton, LAIRD and WINKLE sprayed Oleoresin Capsicum, commonly known as "Pepper Spray," at Martin Cotton.

27.     In the course of arresting Martin Cotton, after spraying Martin Cotton's face with Pepper Spray, LAIRD and WINKLE began kicking and beating Martin Cotton.

28.     While LAIRD and WINKLE were kicking and beating Martin Cotton, they were joined at the scene by WHITMER, JONES, WATSON, SIIPOLA, FRANCO and DOES 1 through 20.

29.     Together, LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, and FRANCO used their feet, knees, fists, nun chucks and asp batons to beat Martin Cotton about the head, torso, kidneys and legs. DOES 1 through 20 also participated in the beating and/or encouraged the beating, and or failure to intervene to prevent the beating. The beating lasted for several minutes, during which time the officers also put a bag over Martin Cotton's head.

30.     Despite the brutal beating that they administered to Martin Cotton, and despite his obvious need for medical treatment, none of the officers sought medical attention for Martin Cotton. Instead, they transported him in a patrol car to the Humboldt County Jail.

31.     At the Humboldt County Jail, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 11-20 became aware that Martin Cotton was seriously injured and in need of immediate medical attention. GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 11-20 deliberately refused to provide or obtain medical treatment for Martin Cotton. Instead of receiving necessary medical treatment, Martin Cotton was placed in a "sobering cell." DOES 11-20 inflicted additional beatings on Martin at the jail.

6

32.     Approximately two hours after Martin Cotton was first left in a cell and denied medical treatment, he died of acute subdural hematoma due to blunt force trauma to his head that he incurred during the beatings he received from LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO and DOES 1 through 10.

33.     The use of force against Martin Cotton by LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO and DOES 1 through 10 was unreasonable, unnecessary, illegal, and excessive, and constituted a violation of Martin Cotton's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

34.     The failure to provide medical assistance to Martin Cotton, and the deliberate indifference to the medical needs of Martin Cotton by LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 1-20 violated Martin Cotton's rights under the Fourteenth Amendment to the United States Constitution.

35.     As a result of the conduct of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 1-20, Martin Cotton suffered serious physical injuries leading to his death.

36.     The conduct of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 1-20 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Martin Cotton, warranting an award of punitive damages.

37.     As a result of the conduct of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG, AND DOES 1-20 they are liable for Mr. Cotton's injuries and death, either because they were integral participants in the excessive force and denial of medical care or they failed to intervene to prevent these violations.

/ / /

7

**FIRST CAUSE OF ACTION**

**Against LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO**
**and DOES 1-10 For Violation Of Civil Rights, 42 U.S.C. § 1983**

38.     Plaintiffs reallege and incorporate paragraphs 1 through 37 as though fully set forth herein.

39.     Martin Cotton Sr. and Siehna Cotton are the successors in interest to Martin Cotton, and bring this claim in that capacity.

40.     LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, and DOES 1 through 10 used unreasonable, unnecessary, and excessive force against Martin Cotton. This use of unreasonable, unnecessary, and excessive force against Martin Cotton constitutes a violation of Martin Cotton's rights under the Fourth Amendment and Fourteenth Amendment to the United States Constitution.

41.     As a result of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, and DOES 1 through 10's illegal use of excessive force against Martin Cotton, which constituted violations of Martin Cotton's rights under the Fourth Amendment and Fourteenth Amendment of the United States Constitution, Martin Cotton incurred medical expenses, burial expenses, and funeral expenses.

42.     As a result of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, and DOES 1 through 10's illegal use of excessive force against Martin Cotton, which constituted violations of Martin Cotton's rights under the Fourth Amendment and Fourteenth Amendment of the United States Constitution, Martin Cotton incurred great pain and suffering prior to his death.

43.     As a result of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, and DOES 1 through 10's illegal use of excessive force against Martin Cotton, which constituted violations of Martin Cotton's rights under the Fourth Amendment and Fourteenth Amendment of the United States Constitution, Martin Cotton lost his life.

44.     As a result of the conduct of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, AND DOES 1-10 they are liable for Mr. Cotton's injuries

8

and death, either because they were integral participants in the excessive force and denial of medical care or they failed to intervene to prevent these violations.

45.     The conduct of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Martin Cotton, justifying an award of exemplary and punitive damages.

46.     Plaintiffs are seeking both wrongful death and survival damages under this cause of action.

## SECOND CAUSE OF ACTION

### Against LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 1-20 For Violation Of Civil Rights, 42 U.S.C. § 1983

47.     Plaintiffs reallege and incorporate paragraphs 1 through 46 as though fully set forth herein.

48.     Martin Cotton Sr. and Siehna Cotton are the successors in interest to Martin Cotton, and bring this claim in that capacity.

49.     LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, and DOES 1 through 10, while working as police officers for the City of Eureka, and acting within the course and scope of their duties, had custody of Martin Cotton after arresting him.

50.     GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 11-20, while working for the County of Humboldt, and acting within the course and scope of their duties, had custody of Martin Cotton in the Humboldt County Jail.

51.     LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, and DOES 1 through 10, while working as police officers for the City of Eureka, and acting within the course and scope of their duties, failed to provide necessary medical care to Martin Cotton.

///

9

52. GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 11-20, while working for the County of Humboldt, and acting within the course and scope of their duties, failed to provide necessary medical care to Martin Cotton.

53. LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, and DOES 1 through 10, while working as police officers for the City of Eureka, and acting within the course and scope of their duties, were deliberately indifferent to the serious medical needs of Martin Cotton.

54. GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 11-20, while working for the County of Humboldt, and acting within the course and scope of their duties, were deliberately indifferent to the serious medical needs of Martin Cotton.

55. LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 1-20's failure to provide necessary medical care to Martin Cotton, and their deliberate indifference to the serious medical needs of Martin Cotton, constituted violations of Martin Cotton's rights under the Fourteenth Amendment to the United States Constitution.

56. As a result of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 1-20's failure to provide necessary medical care to Martin Cotton, and as a result of their deliberate indifference to the serious medical needs of Martin Cotton, which constituted violations of Martin Cotton's rights under the Fourteenth Amendment to the United States Constitution, Martin Cotton incurred medical expenses, burial expenses, and funeral expenses.

57. As a result of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 1-20's failure to provide necessary medical care to Martin Cotton, and as a result of their deliberate indifference to the serious medical needs of Martin Cotton, which constituted

violations of Martin Cotton's rights under the Fourteenth Amendment to the United States Constitution, Martin Cotton incurred great pain and suffering prior to his death.

58. As a result of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 1-20's failure to provide necessary medical care to Martin Cotton, and as a result of their deliberate indifference to the serious medical needs of Martin Cotton, which constituted violations of Martin Cotton's rights under the Fourteenth Amendment to the United States Constitution, Martin Cotton lost his life. These defendants are liable for Mr. Cotton's injuries and death either because they were integral participants to the denial of medical care or they failed to intervene to prevent these violations.

59. The conduct of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 1-20 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Martin Cotton, justifying an award of exemplary and punitive damages.

60. Plaintiffs are seeking both wrongful death and survival damages under this cause of action.

## THIRD CAUSE OF ACTION

### Against CITY OF EUREKA And COUNTY OF HUMBOLDT
### For Violation Of Civil Rights, 42 U.S.C. § 1983

61. Plaintiffs reallege and incorporate paragraphs 1 through 60 as though fully set forth herein.

62. The conduct of DOES 11-20, in physically beating Martin Cotton in the Humboldt County Jail, which deprived Martin Cotton of his rights under the Fourth and Fourteenth Amendment of the United States Constitution, was the result of a longstanding practice or custom which constitutes the standard operating procedure of the County of Humboldt. Among other things, the County of Humboldt failed to adequately train DOES

11

11-20 to refrain from inflicting unnecessary physical injury on detainees, and the County of Humboldt has a longstanding practice of approving and ratifying its employees' unnecessary use of force against detainees at the Humboldt County Jail. DOES 11-20 were acting pursuant to their training, instruction, and longstanding departmental practice and policy when they refused to provide necessary medical care to Martin Cotton.

63. The conduct of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, and DOES 1 through 10 in failing to provide medical care to Martin Cotton and acting deliberately indifferent to the serious medical needs of Martin Cotton, which deprived Martin Cotton of his rights under the Fourteenth Amendment of the United States Constitution, was the result of a longstanding practice or custom which constitutes the standard operating procedure of the City of Eureka. Among other things, the City of Eureka failed to adequately train LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, and DOES 1 through 10 to recognize and appreciate an arrestee's need for serious medical care, and the City of Eureka has a longstanding practice of approving and ratifying police officers' failure to obtain necessary medical care for arrestees. LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, and DOES 1 through 10 were acting pursuant to their training, instruction, and longstanding departmental practice and policy when they refused to provide necessary medical care to Martin Cotton.

64. The conduct of GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 11-20 in failing to provide medical care to Martin Cotton and acting deliberately indifferent to the serious medical needs of Martin Cotton, which deprived Martin Cotton of his rights under the Fourteenth Amendment of the United States Constitution, was the result of a longstanding practice or custom which constitutes the standard operating procedure of the County of Humboldt. Among other things, the County of Humboldt failed to adequately train GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 11-20 to recognize and appreciate a detainee's need for serious medical care, and the County of Humboldt has a longstanding practice of approving and ratifying its employees' failure to obtain necessary medical care for detainees. GRIFFIN,

CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 11-20 were acting pursuant to their training, instruction, and longstanding departmental practice and policy when they refused to provide necessary medical care to Martin Cotton.

65. As a result of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 1-20's conduct, which constituted violations of Martin Cotton's rights under the Fourteenth Amendment of the United States Constitution, and was done pursuant to LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 1-20's training, instruction, and departmental policy, Martin Cotton has incurred medical expenses, funeral expenses, and burial expenses.

66. As a result of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 1-20's conduct, which constituted violations of Martin Cotton's rights under the Fourteenth Amendment of the United States Constitution, and was done pursuant to LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 1-20's training, instruction, and departmental policy, Martin Cotton incurred great pain and suffering prior to his death.

67. As a result of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 1-20's conduct, which constituted violations of Martin Cotton's rights under the Fourteenth Amendment of the United States Constitution, and was done pursuant to LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG and DOES 1-20's training, instruction, and departmental policy, Martin Cotton lost his life.

68. As a result of the conduct of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO, GRIFFIN, CANGAS, CHRISTENSEN, MORGAN, ROSSITER, STRONG, and DOES 1-20 they are liable for Mr. Cotton's injuries and death,

13

either because they were integral participants in the excessive force and denial of medical care or they failed to intervene to prevent these violations.

## FOURTH CAUSE OF ACTION

### Against CITY OF EUREKA, LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO and DOES 1-10 For Assault And Battery

69.     Plaintiffs reallege and incorporate paragraphs 1 through 68 as though fully set forth herein.

70.     Martin Cotton Sr. and Siehna Cotton are the successors in interest to Martin Cotton, and bring this claim in that capacity.

71.     LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, and FRANCO, while working as police officers for the City of Eureka, and acting within the course and scope of their duties, intentionally used their feet, knees, fists, nun chucks and asp batons to beat Martin Cotton about the head, torso, kidneys and legs. DOES 1 through 10, while working as police officers for the City of Eureka, and acting within the course and scope of their duties, also participated in the beating and/or encouraged the beating. The beating lasted for several minutes, during which time the officers also put a bag over Martin Cotton's head after he was pepper strayed by multiple officers.

72.     LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO and DOES 1-10 had no legal justification for intentionally using their feet, knees, fists, nun chucks and asp batons to beat Martin Cotton about the head, torso, kidneys and legs, or for encouraging fellow officers to do so, and their use of force against Martin Cotton while carrying out their police duties was an unreasonable use of force.

73.     The CITY OF EUREKA is vicariously liable for the wrongful conduct of its officers pursuant to section 815.2 of the Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

/ / /

/ / /

14

FIRST AMENDED COMPLAINT

74. As a result of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO and DOES 1-10's unjustified and unreasonable use of physical force, Martin Cotton incurred medical expenses, burial expenses, and funeral expenses.

75. As a result of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO and DOES 1-10's unjustified and unreasonable use of physical force, Martin Cotton incurred great pain and suffering prior to his death.

76. As a result of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO and DOES 1-10's unjustified and unreasonable use of physical force, Martin Cotton lost his life.

77. LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO and DOES 1-10's conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Martin Cotton, justifying an award of exemplary and punitive damages.

78. Plaintiffs are seeking both wrongful death and survival damages under this cause of action.

## FIFTH CAUSE OF ACTION

**Against CITY OF EUREKA, LAIRD, WINKLE, WHITMER, WATSON, SIIPOLA, FRANCO and DOES 1-10 For Violation of California Government Code § 845.6**

79. Plaintiffs reallege and incorporate paragraphs 1 through 78 as though fully set forth herein.

80. Martin Cotton Sr. and Siehna Cotton are the successors in interest to Martin Cotton, and bring this claim in that capacity.

81. LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO and DOES 1-10 knew or had reason to know that Martin Cotton required immediate medical assistance while in their custody.

82. LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO and DOES 1-10 failed to take reasonable action to summon medical care for Martin Cotton.

15

83. As a result of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO and DOES 1-10's failure to take reasonable action to summon medical care for Martin Cotton, Martin Cotton incurred medical expenses, funeral expenses, and burial expense.

84. As a result of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO and DOES 1-10's failure to take reasonable action to summon medical care for Martin Cotton, Martin Cotton incurred great pain and suffering prior to his death.

85. As a result of LAIRD, WINKLE, WHITMER, JONES, WATSON, SIIPOLA, FRANCO and DOES 1-10's failure to take reasonable action to summon medical care for Martin Cotton, Martin Cotton lost his life.

86. Plaintiffs are seeking both wrongful death and survival damages under this cause of action.

## SIXTH CAUSE OF ACTION

### Against All Defendants For Wrongful Death

87. Plaintiffs reallege and incorporate paragraphs 1 through 86 as though fully set forth herein.

88. Siehna Cotton is the daughter of Martin Cotton.

89. Martin Cotton, Sr. is the father of Martin Cotton.

90. The defendants' wrongful conduct, as alleged above, caused the death of Martin Cotton.

91. As a result of defendants' wrongful conduct, which caused the death of Martin Cotton, plaintiff incurred funeral expenses and burial expenses.

92. As a result of defendants' wrongful conducts, which caused the death of Martin Cotton, plaintiffs suffered a loss of companionship, loss of care, loss of moral support, and loss of society.

93. As a result of defendants' wrongful conduct, in wrongfully causing the death of Martin Cotton, subjects them to personal liability under Federal law as to the County of

16

Humboldt and its officers and under Federal and State law as to the City of Eureka and its officers.

94. The CITY OF EUREKA is vicariously liable for wrongful death pursuant to section 815.2 of the Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

95. Plaintiffs are claiming wrongful death damages against the City of Eureka and its employees under Federal and State law.

96. Plaintiffs are claiming wrongful death damages against the County of Humboldt and its employees under Federal law.

## SEVENTH CAUSE OF ACTION

### Against All Defendants for Survival Damages

97. Plaintiffs incorporate by this reference paragraph 1 through 96 of this complaint as though fully set forth herein.

98. This cause of action is brought on behalf of decedent by plaintiffs as his successors in interest pursuant to 42 U.S.C. §1983 and California Code of Civil Procedure §377.30.

99. As a proximate result of the wrongful conduct of defendants as alleged, decedent suffered intense physical and emotional pain, anguish, distress, despair and suffering all during the time of the encounter with the defendants until the moment of his death at the hands of said defendants as well as pecuniary loss.

100. Plaintiffs are claiming survival damages against the City of Eureka and its employees under Federal and State law.

17

101.   Plaintiffs are claiming survival damages against the County of Humboldt and its employees under Federal law.

### EIGHTH CAUSE OF ACTION

**Against All Individual Defendants for Violation of the Fourteenth Amendment**

102.   Plaintiffs incorporate by reference paragraphs 1 through 101 as if set forth in full.

103.   Plaintiffs assert this claim against all the individually named defendants and DOES 1-20 pursuant to 42 U.S.C. § 1983 on the grounds that the unreasonable, reckless, intentional and deliberate acts and omissions of all defendants as set forth herein were a direct and legal cause of the deprivation of plaintiffs' constitutionally protected rights under the Fourteenth Amendment to the companionship and society of decedent Martin Cotton. Plaintiffs have a cognizable interest under the due process clause of the Fourteenth Amendment to be free from unwarranted state interference in their familial relationship with Martin Cotton.

104.   Plaintiffs are informed and believe and thereon alleges that the aforementioned acts of defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of plaintiffs, thereby justifying the awarding of punitive and exemplary damages against the individually named defendants in an amount to be determined at time of trial.

105.   As a direct and legal result of the acts and omissions of defendants, plaintiffs have suffered damages, including, without limitation, loss of the love, affection, comfort, society and companionship of Martin Cotton, attorney's fees, costs of suit, and other pecuniary losses not yet ascertained and in an amount to be proven at time of trial.

106.    As a proximate result of the wrongful conduct of defendants as alleged,

decedent suffered intense physical and emotional pain, anguish, distress, despair and

suffering all during the time of the excessive force by defendants all until the moment of his

death at the hands of said defendants as well as pecuniary loss.

107.    Plaintiffs are seeking both survival and wrongful death damages under this

cause of action.

WHEREFORE, Plaintiffs pray for the following relief:

1.    Compensatory and general damages in the amount of at least $5,000,000;

2.    Punitive and exemplary damages against all individually defendants in an

amount necessary to punish and deter the defendants' conduct;

3.    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

4.    Such other relief as the Court may deem proper.


DATED: May 4, 2009          **THE CLAYPOOL LAW FIRM**
                            **LAW OFFICES OF VICKI I. SARMIENTO**
                            **LAW OFFICES OF DALE K. GALIPO**



                            By:  /s/ Vicki I. Sarmiento
                                 Vicki I. Sarmiento
                                 Attorneys for Plaintiffs

# DEMAND FOR TRIAL JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a jury trial of all claims against Defendants.

DATED:  May 4, 2009                    **THE CLAYPOOL LAW FIRM**
                                       **LAW OFFICES OF VICKI I. SARMIENTO**
                                       **LAW OFFICES OF DALE K. GALIPO**


                                       By:    /s/ Vicki I. Sarmiento
                                              Vicki I. Sarmiento
                                              Attorneys for Plaintiffs

20

# *EXHIBIT B*

COTTON,MARTIN F JR           _Admit:_ 08/25/06          _Dictated By:_ DUNN, JAMES MD

## URGENT CARE RECORD

CHIEF COMPLAINT: The patient comes in requiring paperwork for
welfare. He gives a relatively confusing and complex history of
having sustained injuries from a bicycle BMX trick rider. His
original injury was while doing a half pipe. It seems that he also
had a head injury prior to that and has sustained other injuries
through time of various kinds. It is very difficult to get a history
from him because he is extremely repetitive and almost word-for-word
in his repetition of his injuries. He does admit to a remotely prior
head injury, but I do not think he is aware that he has any cognitive
disability. His major significant problem is bowel or bladder
incontinence subsequent to a hernia repair. He has also had repair of
an apparently missed hip fracture as well as some procedures related
to having markedly displaced rib fractures.

PHYSICAL EXAMINATION: VITAL SIGNS: Temperature is 99.9, pulse is 95,
respiratory rate is 24, blood pressure is 154/80. Oxygen saturation
by pulse oxymeter is 97%, which is normal. Weight is 84 kg. GENERAL:
He is an alert, well-developed, well-nourished well-kempt male in no
acute distress. He is, however, wearing a Depends undergarment. Hip
toggle is painful, but range of motion is fairly good. Back range of
motion is good, but he has low back pain at full flexion.

IMPRESSION:
1.   BOWEL OR BLADDER INCONTINENCE, STATUS POST HIP ARTHROPLASTY.
2.   COGNITIVE DYSFUNCTION.

DISPOSITION: His paperwork was done. I have no doubt that he is
fully disabled and unable to work on several different grounds. He
was also given paperwork verifying that he was seen here today. He
was strongly advised to seek continuity of care in order to maintain
his benefits and to optimize his functional status as his problems are
beyond the scope of an Urgent Care consultation.


JAMES DUNN, MD

JD/MEDQ  Job#: 125660  DD: 08/25/2006 21:40:25  DT: 08/26/2006
23:57:53

---

Attn Phys:  DUNN,JAMES MD
Adm Phys:
Dict Phys:  DUNN, JAMES MD

ST. JOSEPH
    HEALTH SYSTEM

Patient: **COTTON,MARTIN F JR**
Acct #:  SA0001204747   Unit #:  **SU05077298**
Loc:  **UC.G** -
DOB: **09/03/1980**   Age: **25**
Report #:  0828-0317
Site: **St. Joseph's Hospital Eureka** -
        2700 DOLBEER RD., EUREKA, CA
**<Electronically signed by JAMES DUNN MD>**
08/30/06 1232

## URGENT CARE RECORD

1 of 2

COTTON,MARTIN F JR          *Admit:* 08/25/06          *Dictated By:* DUNN, JAMES MD

CC:   JAMES DUNN, MD;

---

Attn Phys:   DUNN,JAMES MD
Adm Phys:
Dict Phys:   DUNN, JAMES MD



ST. JOSEPH
   HEALTH SYSTEM

Patient:   **COTTON,MARTIN F JR**
Acct #:   **SA0001204747**   Unit #:   **SU05077298**
Loc:   **UC.G -**
DOB:   **09/03/1980**   Age:   **25**
Report #:   0828-0317
Site:   **St. Joseph's Hospital Eureka**
         2700 DOLBEER RD., EUREKA, CA
   **<Electronically signed by JAMES DUNN MD>**
08/30/06 1232

URGENT CARE RECORD

2 of 2

**COTTON,MARTIN F JR**          <u>Admit:</u> 04/10/07          <u>Dictated By:</u> LUU, TUAN MD

## URGENT CARE RECORD

CHIEF COMPLAINT: Needs cane.

HISTORY OF PRESENT ILLNESS: The patient is 26-year-old male who came to the urgent care today complaining that he feels dizzy for the past few days, he thinks he needs a cane. That is why he is here for evaluation. He is eating and drinking okay but not much. He denies trauma or anything otherwise. He is ambulating in here. This has been going on subsequently. told us a couple of months; initially told me a couple of days. I looked in the chart and shows a couple of months to be noted.

PAST MEDICAL HISTORY:  History of hernia operation in the remote past, seizure disorder and asthma reported.

REVIEW OF SYSTEMS: Complains of _____ . Complains of feeling dizzy. Denies fever or chills, vomiting or diarrhea. He is able to ambulate in here. No rash or bruise. No vision problem, or hearing problems. No neck pain, chest pain, belly pain or anything like that. No black tarry stool. No vomiting blood or anything like that.

SOCIAL HISTORY:  Tobacco use.

FAMILY HISTORY:  No problems aware of.

MEDICATIONS:  Inhaler name unknown, but has run out.

ALLERGIES:  None.

VITAL SIGNS:  Heart rate slightly elevated otherwise normal. Orthostatic with him does show his heart rate elevation standing up though.

PHYSICAL EXAMINATION
This is a white male, awake, alert, answers questions appropriately. Ambulating by himself with no problems. Head exam shows pupils are equal and reactive. Extraocular muscles are intact. . Conjunctivae are clear. Ears are okay. Nose is clear. Pharynx is clear and moist. NECK: Supple. LUNGS: Clear to auscultation bilaterally. CARDIAC: S1, S2, regular rate. ABDOMEN:

---

Attn Phys:   LUU,TUAN MD
Adm Phys:
Dict Phys:   LUU, TUAN MD



ST. JOSEPH
HEALTH SYSTEM

Patient:  **COTTON,MARTIN F JR**
Acct #:  **SA0001308945**   Unit #:  **SU05077298**
Loc:  **UC.G -**
DOB: **09/03/1980**   Age: **26**
Report #:  0410-0333
Site:  **St. Joseph's Hospital Eureka**
       2700 DOLBEER RD., EUREKA, CA
 **<Electronically signed by TUAN LUU MD>** 04/11/07
0610

## URGENT CARE RECORD

**1 of 2**

COTTON,MARTIN F JR                 *Admit:* 04/10/07        *Dictated By:* LUU, TUAN MD

Belly is soft and nontender. SKIN: Warm and dry. Good pulses in
all extremities.

URGENT CARE COURSE: Orthostatics done as mentioned. He was given
p.o. fluids and he had no vomiting episode, drank fluids and kept
them down with no problems. I discussed these findings at length
with the patient, counseling given and subsequently discharge.

IMPRESSION: DEHYDRATION, MEDICATION REFILL.

ASSESSMENT: The patient is dehydrated at this time. I feel that
oral hydration will be okay and I do not think a cane would solve
his problem, this was explained to him at this time. I refilled
his Proventil inhaler, this is reasonable, and outpatient follow
up will be okay. There is no suggestion of blood loss or anything
like that from talking to him.

PLAN: The patient is discharged from the department, instructed
to take it easy, plenty of fluids. Phone number for Open Door
Clinic is given for follow up. Prescribed Proventil inhaler 2
puffs every 4 hour PRN for wheeze and return here if any
problems. Discharged in good condition.


TUAN LUU, MD

JLG881062 Job#:47820820  DD: 04/10/2007 12:39:00  DT: 04/10/2007
15:53:00
CC: TUAN LUU, MD;


Attn Phys:   LUU,TUAN MD
Adm Phys:
Dict Phys:   LUU, TUAN MD

ST. JOSEPH
HEALTH SYSTEM

Patient: **COTTON,MARTIN F JR**
Acct #: **SA0001308945**   Unit #: **SU05077298**
Loc: **UC.G -**
DOB: **09/03/1980**   Age: **26**
Report #: 0410-0333
Site: **St. Joseph's Hospital Eureka**
      2700 DOLBEER RD., EUREKA, CA
   **<Electronically signed by TUAN LUU MD>** 04/11/07
0610

URGENT CARE RECORD

2 of 2

# QUEST DISCOVERY SERVICES
## www.questds.com

Ordered By: **JEANNETTE MCLAUGHLIN**

For: **NANCY KAYE DELANEY, ESQ.**

If you have any questions or require the original subpoena and it is not contained within these records, please contact our Client Services Department at (916) 483-7030.

Case: **SIEHNA COTTON, ET AL.**
**VS.**
**CITY OF EUREKA**
Case Number: **C0804386SBA**
File Number: **07-120**
From: **UC DAVIS MEDICAL CENTER**
**4900 BROADWAY, #2600**
**SACRAMENTO, CA 95820**
**ATTN: PATIENT SERVICES**

Records of: **MARTIN COTTON II**
Claim Number: **8-8665**
Insured: **CITY OF EUREKA**
Date of Loss: **08/09/07**
QDS File Number: **SAS000533**

*Quality • Uniformity • Excellence • Service • Teamwork*

UNIVERSITY OF CALIFORNIA, DAVIS

BERKELEY • DAVIS • IRVINE • LOS ANGELES • MERCED • RIVERSIDE • SAN DIEGO • SAN FRANCISCO  SANTA BARBARA • SANTA CRUZ

UC DAVIS MEDICAL CENTER
2315 STOCKTON BOULEVARD
SACRAMENTO, CALIFORNIA 95817

**RE: Cotton, Martin**

**DOB: 09/03/1980**

**CASE #: C0804386SBA**

**CASE NAME: Cotton v. City of Eureka**

### Patient Financial Services – UC Davis Health System
### Declaration of Custodian of the Legal Billing Records

Nikki Lee attests to the following:

I am the duly authorized UC Davis Health System Custodian of the billing record and have authority to certify the records.

Attached to this affidavit is a true and complete copy of all the billing records described in the subpoena and/or authorization. Please note that the billing records have been provided for the time frame specified in the authorization and/or subpoena. The bills cannot be segregated to a specific facility, body part, diagnosis and/or physician.

The records were prepared by the personnel of the business in the ordinary course of business at or near the time, act, condition or event.

The method used to prepare the attached records was by electronically generating a copy of the patient's billing records from the Patient Billing Database.

Pursuant to Evidence Code section 1560[e], the records described in the subpoena duces tecum and/or patient authorization, were delivered to the attorney or his/her designee for copying, or the records were made available to the In-house Certified Professional Photocopier for transmittal and processing to the requestor.

I declare under penalty of perjury, pursuant to the laws of the State of California that the foregoing is true and correct.

Nikki Lee                                            January 28, 2010
                                                     Date

UC DAVIS MEDICAL CENTER
Patient Financial Services
4900 Broadway Blvd, Suite 2600
Sacramento, California 95820
Phone (916) 734-9200

### REQUESTING ATTORNEY and/or COPY SERVICE

### Nancy Kaye Delaney / QUEST

UCDMC Use Only
REQ #**222**
Collect
Release Date **2/9**



**cds**

Quest Discovery Services

## Information Sheet

### AFFIDAVIT OF PROFESSIONAL PHOTOCOPIER (B & P Sec. 22462)

I affirm under penalty of perjury that all of the records delivered to me by the Custodian of Records will be delivered to the authorized persons or entities.

Executed on ___2/16/10___ at North Highlands, Ca 95660

Signature _____

### AFFIDAVIT UNDER EVIDENCE CODE 1561 (c)

☐ As one of the attorney's representatives, I affirm, under penalty of perjury, that the attached copies are true copies of all the records delivered to me for copying by the Custodian of Records.

☒ Not applicable

Executed on ___2/10/10___ at North Highlands, CA 95660, Sacramento County

Signature _____ Registration Number 2007-07

### DATE RANGE OF RECORDS

Enclosed records are subsequent to (date) _____ or prior to (date) _____

### COMMENTS ON COPY QUALITY

☐ This file contains several poor quality copies due to custodian's poor quality originals or microfilm. We were unable to produce better copies.

☐ We presently are trying to obtain better copies of the page(s) listed below. When we receive the page(s), we will forward them to you at no additional charge.

_____

### ADDITIONAL MATERIAL

☐ Enclosed are additional records.

☐ Some material was too large to be bound in this booklet. It is packaged under separate cover.

Note: _____

### CERTIFICATE OF NO RECORDS/BILLS/X-RAYS

☐ We have received a certificate of no records and/or bills from the custodian.

☐ We have received a certificate of no x-rays from the custodian.

Sometimes, such a certificate is not accurate. While reviewing other information, you might encounter evidence to the contrary. If that is the case, please provide us with details, and we will reopen the file and pursue records further.

*If you have questions, please contact our Client Services Department.*

These records were assembled carefully by _____PAM STROY_____

*Revision Date: 9/27/2001*
*Revised by: Leo Jamal*

**2**

PDFM0107 4104 MARTIN FREDRI COTTO  020004598247  012710 00001

| | | | |
|---|---|---|---|
| U.C. DAVIS MED CENTER | U.C. DAVIS MED CENTER | 3 PAT.CNTL # 1057453 | 4 TYPE OF BILL 0131 |
| 2315 STOCKTON BLVD | P.O. BOX 60000 FILE 52087 | 5 MED REC # 1057453 | |
| SACRAMENTO    CA 95817 | SAN FRANCISCO  CA 94160 | 5 FED. TAX NO. | 6 STATEMENT COVERS PERIOD FROM 050303 THROUGH 050303 |
| 9167349200 9164553640 US | | 94-6036494 | |

8 PATIENT NAME: COTTON    MARTIN
9 PATIENT ADDRESS: GENERAL DELIVERY  SACRAMENTO  CA 95817

| 10 BIRTHDATE | 11 SEX | 12 DATE | ADMISSION | | | 16 DHR | 17 STAT | CONDITION CODES |
|---|---|---|---|---|---|---|---|---|
| 09031980 | M | 050303 | | | | | | |

CMISP SAC CO INCOMPLETE

| 42 REV. CD. | 43 DESCRIPTION | 44 HCPCS / RATE / HIPPS CODE | 45 SERV. DATE | 46 SERV. UNITS | 47 TOTAL CHARGES | 48 NON-COVERED CHARGES |
|---|---|---|---|---|---|---|
| 0250 | PHARMACY | 99070 | | | 10100 | |
| 0450 | USE OF E.R. LEVEL 2 | 27502 | 050303 | 001 | 77000 | |

0001 PAGE001 OF 001  CREATION DATE 012710  TOTALS  87100

| 50 PAYER NAME | 51 HEALTH PLAN ID | 52 REL INFO | 53 ASG BEN | 54 PRIOR PAYMENTS | 55 EST. AMOUNT DUE | 56 NPI 1710918545 |
|---|---|---|---|---|---|---|
| CMISP SAC CO INCOMPLETE | | Y | Y | | | 57 OTHER 05-0599 |

58 INSURED'S NAME: MARTIN FREDRI COTTO
59 P. REL / 60 INSURED'S UNIQUE ID: N/A

63 TREATMENT AUTHORIZATION CODES
85 EMPLOYER NAME: UNK

66 DX 52597

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| I | J | K | L | M | N | O | P | Q |

70 PATIENT REASON DX: a  b  c
71 PPS CODE
72 ECI: a  b  c

76 ATTENDING NPI 1871591099  QUAL TD00G272890
LAST GREEN  FIRST WILLIAM

80 REMARKS: PRIN_DX_DSC_DENTAL  81CC B3282N00000X

NIKKI LEE/HA
UB-04 CMS-1450  NLCF-UB04-1  APPROVED OMB NO. 0938-0997  OCR/Original
NUBC 24304804
OPANL2  012710

COTTON ,MARTIN FRED     FIN CLASS 4      PAGE   1

20-004598-24 7  ZZZA3407Z    ADMIT 05-03-03   DISCHARGE 05-03-03   PRI.PPC:

| CPT CODE | REV | SRV DT | DESCRIPTION | | QUANTITY | | AMOUNT |
|----------|-----|--------|-------------|--|----------|--|--------|
| | 250 | 050303 | PEN VK 500MG PK#4 | 736-31962 | 1@ | 30.00 | 30.00 |
| | 250 | 050303 | VICODIN PK#10 | 736-31970 | 1@ | 71.00 | 71.00 |
| 99282 | 450 | 050303 | USE OF E.R. LEVEL 2 | 740-00712 | 1@ | 770.00 | 770.00 |

SUB-TOTAL FOR 05-03-03        871.00

TOTAL FOR PROVIDER    ZZZA3407Z    871.00

COTTON ,MARTIN FRED    2000459824 7     012710        1

**4**

UC DAVIS MEDICAL CTR          .ITEMIZED LISTING          REPORT FMS5029 (PFM01087)

COTTON ,MARTIN FRED          FIN CLASS 4          PAGE   2

20-004598-24 7 ·  ZZZA3407Z     ADMIT 05-03-03   DISCHARGE 05-03-03   PRI.PPC:


CPT CODE REV SRV DT DESCRIPTION                    QUANTITY ·          AMOUNT

        250            PHARMACY                                        101.00
        450            EMERG ROOM                                      770.00

                       TOTAL                                           871.00
        COTTON ,MARTIN FRED       2000459824 7       012710            1

FDRM0107 4104 MARTIN FREDRI COTTO 020007902602 012710 00002
6dd086ee9d550d2e WB3RUM Documents Filed 12/00079026029 Page 38 of 69

| | | | | | | | 4 TYPE OF BILL |
|---|---|---|---|---|---|---|---|
| U.C. DAVIS MED CENTER | U.C. DAVIS MED CENTER | | 3a PAT. CNTL # | 012710 00002 | | | 0131 |

| | | | | | |
|---|---|---|---|---|---|
| 2315 STOCKTON BLVD | P.O. BOX 60000 FILE 52087 | b. MED. REC # 1057453 | 6 STATEMENT COVERS PERIOD FROM | THROUGH | 7 |
| SACRAMENTO CA 95817 | SAN FRANCISCO CA 94160 | 5 FED. TAX NO. | | | |
| 9167349200 9164553640 US | | 94-6036494 | 031205 | 031205 | |

| 8 PATIENT NAME | b | 9 PATIENT ADDRESS | a GENERAL DELIVERY | | | | |
|---|---|---|---|---|---|---|---|
| b COTTON MARTIN | | b SACRAMENTO | | | c CA | d 95817 | e |

| 10 BIRTHDATE | 11 SEX | 12 DATE | ADMISSION 13 HR 14 TYPE 15 SRC | 16 DHR | 17 STAT | 18 | 19 | 20 | 21 | CONDITION CODES 22 23 24 25 | 26 | 27 | 28 | 29 ACDT STATE | 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09031980 | M | 031205 | | | | | | | | | | | | | |

| 31 OCCURRENCE CODE DATE | 32 OCCURRENCE CODE DATE | 33 OCCURRENCE CODE DATE | 34 OCCURRENCE CODE DATE | 35 CODE | OCCURRENCE SPAN FROM THROUGH | 36 CODE | OCCURRENCE SPAN FROM THROUGH | 37 |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |

CMISP SAC CO INCOMPLETE

| 38 | 39 CODE | VALUE CODES AMOUNT | 40 CODE | VALUE CODES AMOUNT | 41 CODE | VALUE CODES AMOUNT |
|---|---|---|---|---|---|---|
| a | | | | | | |
| b | | | | | | |
| c | | | | | | |
| d | | | | | | |

| 42 REV. CD. | 43 DESCRIPTION | 44 HCPCS / RATE / HIPPS CODE | 45 SERV. DATE | 46 SERV. UNITS | 47 TOTAL CHARGES | 48 NON-COVERED CHARGES | 49 |
|---|---|---|---|---|---|---|---|
| 1 | 0250 PHARMACY | 99070 | 031205 | 001 | 16850 | | 1 |
| 2 | 0450 USE OF E.R. LEVEL 3 | 99283 | 031205 | 001 | 190850 | | 2 |
| 3 | 0460 PULSE OX SINGLE | 94760 | 031205 | 001 | 6450 | | 3 |
| 4 | 0730 EKG TRACING ONLY | 93005 | 031205 | 001 | 4600 | | 4 |
| 5 | | | | | | | 5 |
| 6 | | | | | | | 6 |
| 7 | | | | | | | 7 |
| 8 | | | | | | | 8 |
| 9 | | | | | | | 9 |
| 10 | | | | | | | 10 |
| 11 | | | | | | | 11 |
| 12 | | | | | | | 12 |
| 13 | | | | | | | 13 |
| 14 | | | | | | | 14 |
| 15 | | | | | | | 15 |
| 16 | | | | | | | 16 |
| 17 | | | | | | | 17 |
| 18 | | | | | | | 18 |
| 19 | | | | | | | 19 |
| 20 | | | | | | | 20 |
| 21 | | | | | | | 21 |
| 22 | | | | | | | 22 |
| 23 | 0001 PAGE 1 OF 1 | CREATION DATE 012710 | TOTALS → | | 218750 | | 23 |

| 50 PAYER NAME | 51 HEALTH PLAN ID | 52 REL INFO | 53 ASG BEN | 54 PRIOR PAYMENTS | 55 EST. AMOUNT DUE | 56 NPI 1710918545 | |
|---|---|---|---|---|---|---|---|
| A CMISP SAC CO INCOMPLETE | | Y | Y | | | 57 OTHER PRV ID 05-0599 | A |
| B | | | | | | | B |
| C | | | | | | | C |

| 58 INSURED'S NAME | 59 P. REL | 60 INSURED'S UNIQUE ID | 61 GROUP NAME | 62 INSURANCE GROUP NO. | |
|---|---|---|---|---|---|
| A MARTIN FREDRI COTTO | | N/A | | | A |
| B | | | | | B |
| C | | | | | C |

| 63 TREATMENT AUTHORIZATION CODES | 64 DOCUMENT CONTROL NUMBER | 65 EMPLOYER NAME | |
|---|---|---|---|
| A | | UNK | A |
| B | | | B |
| C | | | C |

| 66 DX 72337 | A | B | C | D | E | F | G | H | 68 |
|---|---|---|---|---|---|---|---|---|---|
| 69 ADMIT DX | I | J | K | L | M | N | O | P | Q | |

| 70 PATIENT REASON DX | a | b | c | 71 PPS CODE | 72 ECI | a | b | c | 73 |
|---|---|---|---|---|---|---|---|---|---|

| 74 PRINCIPAL PROCEDURE CODE DATE | a. OTHER PROCEDURE CODE DATE | b. OTHER PROCEDURE CODE DATE | 75 | 76 ATTENDING NPI 1093799264 QUAL 1D 00G754510 |
|---|---|---|---|---|
| | | | | LAST ROSE FIRST JOHN |
| c. OTHER PROCEDURE CODE DATE | d. OTHER PROCEDURE CODE DATE | e. OTHER PROCEDURE CODE DATE | | 77 OPERATING NPI QUAL |
| | | | | LAST FIRST |

| 80 REMARKS | 81CC a 83282N00000X | 78 OTHER NPI QUAL |
|---|---|---|
| | b | LAST FIRST |
| | c | 79 OTHER NPI QUAL |
| | d | LAST FIRST |

6

NIKKI LEE/HA
UB-04 CMS-1450   NLCF-U004-1   APPROVED OMB NO. 0938-0997   OCR/Original   NUBC National Uniform Billing Committee 24304804   THE CERTIFICATIONS ON THE REVERSE APPLY TO THIS BILL AND ARE MADE A PART HEREOF.
OPANL2   012710

UC DAVIS MEDICAL CTR            ITEMIZED LISTING            REPORT FMS5029 (PFM01DB7)

·COTTON ,MARTIN FRED        FIN CLASS 4         PAGE·  1

20-007902-60 2   ZZZA3407Z     ADMIT 03-12-05  DISCHARGE 03-12-05  PRI.PPC:

| CPT CODE | REV | SRV DT | DESCRIPTION | | QUANTITY | | AMOUNT |
|---|---|---|---|---|---|---|---|
| | 250 | 031205 | VICODIN PK#10 | 736-31970 | 1@ | 168.50 | 168.50 |
| 99283 | 450 | 031205 | USE OF E.R. LEVEL 3 | 740-00720 | 1@ | 1908.50 | 1,908.50 |
| 94760 | 460 | 031205 | PULSE OX SINGLE | 740-02510 | 1@ | 64.50 | 64.50 |
| 93005 | 730 | 031205 | EKG TRACING ONLY | 740-02502 | 1@ | 46.00 | 46.00 |

                 SUB-TOTAL FOR 03-12-05                          2,187.50

                           TOTAL FOR PROVIDER     ZZZA3407Z    2,187.50
            COTTON ,MARTIN FRED     2000790260 2       012710            2

7

```
UC DAVIS MEDICAL CTR          ITEMIZED LISTING            REPORT FMS5029 (PFM010B7)

COTTON ,MARTIN FRED          FIN CLASS 4          PAGE   2

    20-007902-60 2    ZZZA3407Z    ADMIT 03-12-05  DISCHARGE 03-12-05  PRI.PPC:


CPT CODE REV SRV DT DESCRIPTION                    QUANTITY            AMOUNT

        250         PHARMACY                                            168.50
        450         EMERG ROOM                                        1,908.50
        460         PULMONARY FUNC                                       64.50
        730         EKG/ECG                                              46.00

                    TOTAL                                             2,187.50
      COTTON ,MARTIN FRED       2000790260 2      012710            2
```

8

```
PATIENT FINANCIAL DATA OVERVIEW                        01/28/10  1335
------------------------------------------------------------- PAQFIN01  LZ80 --
PT NO:  20004598247  COTTON ,MARTIN FREDRI     MR NO: 1057453      FILE IND: G
ADM/REG: 05/03/03   DSCH DATE: 05/03/03  F/C:  4  P/T: E  EXP IND:
------------------------------------------------------------------------------
FINAL BILL  :          TOTAL CHGS:    871.00  ACCT BAL:     871.00
BILL MAIL   : 05/15/03 TOTAL PYTS:       .00  TOTL ADJ:        .00
AGING       : 2462                           STMT CD : M

PT LAST PD  :          PT LAST PD$ :           NO OF PT PAYS:    0
INS LAST PD :          INS LAST PD$:           LAST INS PLAN:  104
INS1        : 104   1  INS2:         INS3:            INS4:

CTRCT CYCLE:   CURRENT F/C: 4  (ADDING A CONTRACT WILL UPDATE THE F/C TO '1')
CTRCT DATE :           CTRCT AMT  :     .00    CTRCT METHOD:
DELNQ DATE :           DELQ AMOUNT :        .00  TOTAL PD:        .00

BD TRF DATE : 08/30/03  BD TRF AMOUNT :         REACT DTE:
ACTIVE EXIT : 01/31/05  ACTIVE EXIT CD: Z       BD PRELST: *
----------------------------------------------------------------------------H-
  ! PF13 MENU      ! PF3 INS DATA
  ! PF14 NEW PT    ! PF5 GUAR DATA                        ! PF9 ACCD/TPL
  ! PF1  PT DEMO
```

**9**

```
PATIENT FINANCIAL DATA OVERVIEW                           01/28/10  1336
------------------------------------------------------------- PAQFIN01  LZ80 --
PT NO:  20007902602  COTTON ,MARTIN FREDRI    MR NO: 1057453      FILE IND: G
ADM/REG: 03/12/05   DSCH DATE: 03/12/05  F/C:  4  P/T: E   EXP IND:
-------------------------------------------------------------------------------
FINAL BILL  :             TOTAL CHGS:   2187.50  ACCT BAL:    2187.50
BILL MAIL   : 03/20/05  TOTAL PYTS:        .00  TOTL ADJ:        .00
AGING       : 1783                               STMT CD : M

PT LAST PD  :           PT LAST PD$ :           NO OF PT PAYS:   0
INS LAST PD :           INS LAST PD$:           LAST INS PLAN:  104
INS1        : 104   1  INS2:          INS3:            INS4:

CTRCT CYCLE:    CURRENT F/C:  4  (ADDING A CONTRACT WILL UPDATE THE F/C TO '1')
CTRCT DATE :            CTRCT AMT   :     .00    CTRCT METHOD:
DELNQ DATE :            DELQ AMOUNT :       .00  TOTAL PD:         .00

BD TRF DATE : 06/29/05  BD TRF AMOUNT :          REACT DTE:
ACTIVE EXIT : 11/30/06  ACTIVE EXIT CD: Z        BD PRELST:
-------------------------------------------------------------------------------H-
 ! PF13 MENU       ! PF3 INS DATA
 ! PF14 NEW PT     ! PF5 GUAR DATA                       ! PF9 ACCD/TPL
 ! PF1  PT DEMO
```

10

# *EXHIBIT C*

**qds**

*Quality • Uniformity • Excellence • Service • Teamwork*

# QUEST DISCOVERY SERVICES

http://www.questds.com/

## *Order Confirmation*

01/25/10
ATTN: NANCY KAYE DELANEY, ESQ.
MITCHELL, BRISSO, DELANEY
& VRIEZE - ATTORNEYS AT LAW
814 SEVENTH STREET
P.O. DRAWER 1008
EUREKA, CA 95502-1114

| In Reply Refer to: | |
|---|---|
| | Sacramento |
| Our File Number: | SAS000532 |
| Thru: | SAS000534 |
| Client File Number: | 07-120 |
| Claim Number: | 8-8665 |
| Insured: | CITY OF EUREKA |
| Date of Loss: | 08/09/07 |
| Client Number: | MIT050 |
| **Deposition Date:** | **02/08/10** |

Case Name: **SIEHNA COTTON, ET AL.**
vs. **CITY OF EUREKA**
Case Number: **C0804386SBA**

RE: **MARTIN COTTON II DOB:09/03/80**

Dear **NANCY KAYE DELANEY, ESQ.:**

Thank you for your order in the above entitled matter. The original subpoena(s) are listed below and enclosed for each deponent from which you have requested items. Please sign both the subpoena(s) and Notice to Consumer or Employee, if applicable, and retain in your file.

| Medical Records | **UCDHS - HEALTH INFORMATION MANAGEMENT** | SAS000532 |
|---|---|---|
| | 2315 STOCKTON BLVD. SACRAMENTO, CA 95817 ATTN: RELEASE OF INFORMATION | |
| | AKA: MARTIN FREDERICK COTTON | |
| | MEDICAL ID#-105 74 53 1 30-786467008 | |

| Bills Only | **UC DAVIS MEDICAL CENTER** | SAS000533 |
|---|---|---|
| | 4900 BROADWAY, #2600 SACRAMENTO, CA 95820 ATTN: PATIENT SERVICES | |
| | AKA: MARTIN FREDERICK COTTON | |
| | MEDICAL ID#-105 74 53 1 30-786467008 | |

| Films Only | **UC REGENTS** | SAS000534 |
|---|---|---|
| | 2315 STOCKTON BLVD., #1520 SACRAMENTO, CA 95817 ATTN: RADIOLOGY DEPARTMENT | |
| | AKA: MARTIN FREDERICK COTTON | |
| | MEDICAL ID#-105 74 53 1 30-786467008 | |

Per your instructions the invoice will be sent to:

**REDWOOD EMPIRE MUNICIPAL INSURANCE FUND**
PO BOX 885
SONOMA, CA 95476
Attn: JEFFREY J. DAVIS

**CONTINUED**

Corporate Office:
981 Ridder Park Drive
San Jose, CA 95131
(408) 441-7000
FAX (408) 441-7070

Branch Offices:
P.O. Box 214267
Sacramento, CA 95821-0267
(916) 483-7030
FAX (916) 483-7037

3438 Mendocino Ave., Ste. A
Santa Rosa, CA 95403
(707) 528-2300
FAX (707) 528-6047

2507 West Shaw Ave., Ste. 101
Fresno, CA 93711
(559) 224-0909
FAX (559) 224-1122

20101 Hamilton Ave., Ste. 210
Torrance, CA 90502
(310) 769-5557
FAX (310) 769-1466

\ ORDERCONFIRMATION

**Quest Discovery Services   Order Confirmation   Page 2**

**NANCY KAYE DELANEY, ESQ.**
**Re: MARTIN COTTON II DOB:09/03/80**
01/25/10

If you have any questions regarding your order, please contact our Client Services Department at
(800) 477-6886 .

We appreciate this opportunity to be of service to you.

Sincerely,

*Kim M. Rose*

Quest Discovery Services
**Kim Rose**

07-120                                                                                          SAS000532

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises  Case 2:10-mc-00052-WBS-KJM Document 3  Filed 05/12/10  Page 46 of 69

# UNITED STATES DISTRICT COURT

for the

EASTERN District of CALIFORNIA

| | |
|---|---|
| SIEHNA COTTON, ET AL. | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| CITY OF EUREKA | ) |
| *Defendant* | ) |

Civil Action No. C0804386SBA

(If the action is pending in another district, state where:
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To: Custodian of Records For: **UCDHS - HEALTH INFORMATION MANAGEMENT**
**2315 STOCKTON BLVD.**
**SACRAMENTO, CA 95817 ATTN: RELEASE OF INFORMATION**

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying. testing, or sampling of the material: **See Attachment 3 for Details**

RE: **MARTIN COTTON II DOB:09/03/80**
**AKA: MARTIN FREDERICK COTTON**
**MEDICAL ID#-105 74 53 1 30-786467008**

| Place: **Quest Discovery Services    (800) 477-6886**<br>**4600 Roseville Road., Ste. 200**<br>**North Highlands, CA 95660** | Date and Time: **02/08/10**<br>**9:30 A.M.** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  **01/25/10**

                    *CLERK OF COURT*

                                                    OR

_____                    _____
    *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  **Defendant**
**CITY OF EUREKA**
_____ , who issues or requests this subpoena, are:
NANCY KAYE DELANEY, ESQ.
MITCHELL, BRISSO, DELANEY, & VRIEZE - ATTORNEYS AT LAW
814 SEVENTH STREET, P.O. DRAWER 1008
EUREKA, CA 95502-1114  707/443-5643

SAS000532

Civil Action No. **C0804386SBA**

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   **UCDHS - HEALTH INFORMATION MANAGEMENT**

was received by me on *(date)* _____

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____


I declare under penalty of perjury that this information is true.


Date: _____         _____
                                                    *Server's signature*

**Quest Discovery Services, Santa Clara #886**
*Printed name and title*


**4600 Roseville Road., Ste. 200 , North Highlands, CA  95660**
*Server's address*

Additional information regarding attempted service, etc:        COR Phone # **916/734-5217**

(_____)  _____-_____

Address and Phone # Confirmed ☐

SAS000532

/ AO88BPQS2901

SAS000532

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)
Case 2.10-mc-00052-WBS-KJM   Document 3   Filed 05/12/10   Page 48 of 69

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction - which may include lost earnings and reasonable attorney's fees - on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel move than 100 miles from where that person resides, is employed, or regularly transacts business in person - except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45 (c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Attachment 3

File #: **SAS000532**

UCDHS - HEALTH INFORMATION MANAGEMENT

Pertaining To: **MARTIN COTTON II**
**AKA: MARTIN FREDERICK COTTON**
**MEDICAL ID#-105 74 53 1 30-786467008**

Date of Birth:   **09/03/80**

**ALL DOCUMENTS RELATING TO PATIENT'S MEDICAL/DENTAL HISTORIES; COMPLAINTS; SYMPTOMS; EXAMINATIONS; FINDINGS; DIAGNOSIS; PROGNOSIS; SIGN-IN SHEETS; PHOTOGRAPHS; VIDEO TAPES; TREATMENT; PHYSICAL THERAPY; INCLUDING WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, ALL CORRESPONDENCE INCLUDING BUT NOT LIMITED TO OTHER WRITTEN OR GRAPHIC MATERIAL.**

I am employed in the county of SANTA CLARA, my business address is 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, I am over the age of eighteen (18), and am not a party to the within action(s). I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence described below will be deposited with the United States Postal Service today in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit. I served the within copy: Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises on the below listed entities in said actions by placing said documents in a sealed envelope with postage fully prepaid and addressed as follows:

**VICKI SARMIENTO**
**ATTORNEY AT LAW**
**333 N. GARFIELD AVENUE**
**ALHAMBRA, CA 91801**
**ATTN: VICKI I. SARMIENTO, ESQ.**
**Represents: PLAINTIFF**
**Name: SIEHNA COTTON, ET AL.**

**BRAGG, PERLMAN, RUSS, STUNICH,**
**& EADS - ATTORNEYS AT LAW**
**1036 FIFTH STREET**
**SUITE E**
**EUREKA, CA 95501**
**ATTN: WILLIAM BRAGG, ESQ.**
**Represents: DEFENDANT**
**Name: COUNTY OF HUMBOLDT**

**CLAYPOOL LAW FIRM**
**ATTORNEYS AT LAW**
**1055 E. COLORADO BLVD.,STE.500**
**PASADENA, CA 91106-2371**
**ATTN: BRIAN E. CLAYPOOL, ESQ.**
**Represents: PLAINTIFF**
**Name: SIEHNA COTTON, ET AL.**

**LAW OFFICE OF DALE GALIPO**
**ATTORNEY AT LAW**
**21800 BURBANK BOULEVARD**
**SUITE 310**
**WOODLAND HILLS, CA 91367**
**ATTN: DALE GALIPO, ESQ.**
**Represents: PLAINTIFF**
**Name: SIEHNA COTTON, ET AL.**

and that they were deposited on 01/25/10 for deposit in the United States Postal Service and that the envelope was sealed and placed for collection and mailing that date at Quest Discovery Services, 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, following ordinary business practices.

DATED:  01/25/10 at SAN JOSE, CALIFORNIA

I Declare under penalty of perjury that the foregoing is true and correct.

```
┌─────────────────────────────────┐
│   This form was printed for     │
│  all subpoenas in this series   │
└─────────────────────────────────┘
```

*Kim M. Rose*

signature

# *EXHIBIT D*

*Law Offices of*
### VICKI I. SARMIENTO
*A Professional Corporation*
333 North Garfield Avenue
Alhambra, California 91801
Telephone (626) 308-1171
Facsimile (626) 308-1101

VICKI I. SARMIENTO, Attorney at Law
VINCENT F. SARMIENTO, Attorney at Law

Santa Ana Office
1617 E. Fourth Street
Santa Ana, California 92701
Telephone (714) 245-9999
Facsimile (714) 245-9998

February 5, 2010

## *VIA FACSIMILE AND FIRST CLASS MAIL*

Quest Discovery Services
ATTN: Customer Service
981 Ridder Park Drive
San Jose, California 95131

|  |  |  |  |
|---|---|---|---|
| **Re:** | **Records of** | : | **Martin Cotton, II** |
|  | **Case Caption** | : | **Cotton v. City of Eureka, et. al.** |
|  | **Case Number** | : | **C0804386SBA** |
|  | **Our Client** | : | **Cotton Family** |
|  | **Subpoena issued by** | : | **Nancy Delaney, Esq.** |
|  |  |  | **Mitchell, Brisso, Delaney & Vrieze** |

Dear Customer Service Representative:

Please take notice that our office is objecting to the above referenced subpoena. Hence, please **do not** attempt to copy any records from UCDHS – Health Information Management, UC Davis Medical Center – Patient Services, UC Regents – Radiology until this matter has been resolved with Nancy Delanye, Esq.

Thank you in advance for your immediate attention to this matter. Should you have any questions or concerns, please do not hesitate to contact the undersigned.

Very truly yours,

VICKI I. SARMIENTO

VIS/mg

# *EXHIBIT E*

# MITCHELL, BRISSO, DELANEY & VRIEZE, LLP

CLIFFORD B. MITCHELL
PAUL A. BRISSO
NANCY K. DELANEY
JOHN M. VRIEZE
WILLIAM F. MITCHELL
RUSSELL S. GANS
NICHOLAS R. KLOEPPEL
＊＊＊＊＊
VICTOR M. FERRO, Of Counsel

ATTORNEYS AT LAW
814 SEVENTH STREET
EUREKA, CALIFORNIA 95501-1114
www.mitchelllawfirm.com

TELEPHONE (707) 443-5643
FACSIMILE (707) 444-9586
E-MAIL general@mitchelllawfirm.com

P.O. DRAWER 1008
EUREKA, CA 95502
＊＊＊＊＊
R.C. DEDEKAM, Retired
＊＊＊＊＊
EMERY F. MITCHELL (1896 - 1991)
WALTER J. CARTER (1949 – 1993)

February 19, 2010

_**Via E-mail to ksundin@questdiscoveryservices.com**_

Kim Sundin
Quest Discovery Services
Special Services
4600 Roseville Road, Suite 200
North Highlands, CA 95660

   Re: **Cotton v. City of Eureka, et al.**
      Our File:  07-120
      Case No.  C0804386SBA

Dear Ms. Sundin:

   Our office has been made aware that Vicki Sarmiento, one of the attorneys for plaintiffs who are the heirs of decedent Martin Cotton, II, sent a letter on February 5, 2010, notifying you that her office is objecting to the subpoena for records from UCDHS-Health Information Management, UC Davis Medical Center – Patient Services, and UC Regents – Radiology.  The letter further instructs Quest Discovery Services not to attempt to copy any records from these providers until the objection has been resolved.

   The letter from Ms. Sarmiento is not a proper means for a party to assert an objection to a subpoena for records from a non-party.  Nor is it proper for her to instruct Quest Discovery not to execute the subpoena.  Only a non-party witness may serve written objections to a subpoena.  F.R.C.P. 45 (c).  A party is only permitted to move to quash or modify the subpoena under Federal Rules of Civil Procedure 45 (c) (3) (A), or move for a protective order under Rule 26 (c).

February 19, 2010
Page: 2

No such motion has been filed and, as a result, the subpoenaing party respectfully requests that Quest Discovery Services continue executing the subpoena.

Very truly yours,

MITCHELL, BRISSO, DELANEY & VRIEZE

Nancy K. Delaney

NKD/kr

cc:     Vicki I. Sarmiento (Via e-mail *vsarmiento@vis-law.com*)
        Brian Claypool (*Via e-mail: becesq@aol.com*)
        Dale K. Galipo (*Via e-mail: dalekgalipo@yahoo.com*)
        William R. Bragg (*Via e-mail: wrbragg@yahoo.com*)

# EXHIBIT F

# MITCHELL, BRISSO, DELANEY & VRIEZE, LLP

CLIFFORD B. MITCHELL
PAUL A. BRISSO
NANCY K. DELANEY
JOHN M. VRIEZE
WILLIAM F. MITCHELL
RUSSELL S. GANS
NICHOLAS R. KLOEPPEL
• • • • •
VICTOR M. FERRO, Of Counsel

ATTORNEYS AT LAW
814 SEVENTH STREET
EUREKA, CALIFORNIA 95501-1114
www.mitchelllawfirm.com

TELEPHONE (707) 443-5643
FACSIMILE (707) 444-9586
E-MAIL general@mitchelllawfirm.com

P.O. DRAWER 1008
EUREKA, CA 95502
• • • • •
R.C. DEDEKAM, Retired
• • • • •
EMERY F. MITCHELL (1896 - 1991)
WALTER J. CARTER (1949 - 1993)

May 6, 2010

*Via e-mail: vsarmiento@vis-law.com*
*& Facsimile: (626) 308-1101*

Vicki I. Sarmiento
Attorney at Law
333 N. Garfield Avenue
Alhambra, California 91801

      Re: **Cotton v. City of Eureka, et al.**
           Our File: 07-120

Dear Ms. Sarmiento:

    This will confirm that you have agreed to advise our office (Kathy Radford) by 10:00 a.m. tomorrow whether you consent to the release of Davis records pursuant to the subpoena previously served. This will further confirm that we have provided you with the billings records reflecting services provided in 2003 and 2005 and that you have represented that you did not inform Davis that you intended to seek an order to quash the subpoena as Davis has represented to this office.

              Very truly yours,

              MITCHELL, BRISSO, DELANEY & VRIEZE

              Nancy K. Delaney

NKD/kr
cc: Brian Claypool (*Via e-mail: becesq@aol.com & Fax 626-796-9951*)
     Dale K. Galipo (*Via e-mail: dalekgalipo@yahoo.com & Fax 818-347-4118*)
     William R. Bragg (*Via e-mail: wrbragg@yahoo.com & Fax 443-2747*)

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 16263081101 | 05-06 14:58 | 00:00:39 | 001/001 | OK | |
| 16267969951 | 05-06 14:59 | 00:00:20 | 001/001 | OK | |
| 18183474118 | 05-06 15:00 | 00:00:18 | 001/001 | OK | |
| 4432747 | 05-06 15:00 | 00:00:20 | 001/001 | OK | |

Note   TMR: Timer TX, POL: Polling, ORG: Original Size Setting, FME: Frame Erase TX,
MIX: Mixed Original TX, CALL: Manual TX, CSRC: CSRC, FWD: Forward, PC: PC-Fax,
BND: Double-Sided Binding Direction, SPI Special Original, FCODE: F-Code, RTX: Re-TX,
RLY: Relay, MBX: Confidential, BUL: Bulletin, SIP: SIP Fax, IPADR: IP Address Fax,
I-FAX: Internet Fax

Result   OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

## MITCHELL, BRISSO, DELANEY & VRIEZE, LLP

CLIFFORD B. MITCHELL
PAUL A. BRISSO
NANCY K. DELANEY
JOHN M. VRIEZE
WILLIAM F. MITCHELL
RUSSELL S. GANS
NICHOLAS R. KLOEPPEL
* * * * *
VICTOR M. FERRO, Of Counsel

ATTORNEYS AT LAW
814 SEVENTH STREET
EUREKA, CALIFORNIA 95501-1114
www.mitchelllawfirm.com

TELEPHONE (707) 443-5643
FACSIMILE (707) 444-9586
E-MAIL general@mitchelllawfirm.com

P.O. DRAWER 1008
EUREKA, CA 95502
* * * * *
R.C. DIEDEAM, Retired
* * * * *
EMERY F. MITCHELL (1896- 1991)
WALTER J. CARTER (1949– 1992)

May 6, 2010

*Via e-mail: vsarmiento@vis-law.com*
*& Facsimile: (626) 308-1101*

Vicki I. Sarmiento
Attorney at Law
333 N. Garfield Avenue
Alhambra, California  91801

Re:   Cotton v. City of Eureka, et al.
Our File:  07-120

Dear Ms. Sarmiento:

This will confirm that you have agreed to advise our office (Kathy Radford) by
10:00 a.m. tomorrow whether you consent to the release of Davis records pursuant to the
subpoena previously served. This will further confirm that we have provided you with
the billings records reflecting services provided in 2003 and 2005 and that you have
represented that you did not inform Davis that you intended to seek an order to quash the
subpoena as Davis has represented to this office.

Very truly yours,

MITCHELL, BRISSO, DELANEY & VRIEZE

Nancy K. Delaney

NKD/kr
cc:   Brian Claypool (*Via e-mail: becesq@aol.com* & Fax 626-796-9951)
Dale K. Galipo (*Via e-mail: dalekgalipo@yahoo.com* & Fax 818-347-4118)
William R. Bragg (*Via e-mail: wrbragg@yahoo.com* & Fax 443-2747)

# *EXHIBIT G*

# MITCHELL, BRISSO, DELANEY & VRIEZE, LLP

CLIFFORD B. MITCHELL
PAUL A. BRISSO
NANCY K. DELANEY
JOHN M. VRIEZE
WILLIAM F. MITCHELL
RUSSELL S. GANS
NICHOLAS R. KLOEPPEL
* * * * *
VICTOR M. FERRO, Of Counsel

ATTORNEYS AT LAW
814 SEVENTH STREET
EUREKA, CALIFORNIA 95501-1114
www.mitchelllawfirm.com

TELEPHONE (707) 443-5643
FACSIMILE (707) 444-9586
E-MAIL general@mitchelllawfirm.com

P.O. DRAWER 1008
EUREKA, CA 95502
* * * * *
R.C. DEDEKAM, Retired
* * * * *
EMERY F. MITCHELL (1896 - 1991)
WALTER J. CARTER (1949 – 1993)

May 6, 2010

***Via Facsimile: 916-734-2126***
UCDHS -- Health Insurance Management
Release of Information Department
2315 Stockton Blvd.
Sacramento, CA 95817
   **Attn: Kathy Cattrell & Gloria Partida**

   Re:   **Cotton v. City of Eureka, et al.**
         Records Pertaining to: Martin Frederick Cotton II
         D/Birth: 9/3/80
         Medical I.D. #105 74 53 1 30-786467008
         Our File: 07-120

Dear Ms. Cattrell and Ms. Partida:

   We are awaiting word from plaintiff's counsel whether a consent will be provided for release of the Davis records regarding which we were informed that plaintiff's counsel had represented to you an order to quash the subpoena was being sought. Please be advised that plaintiff's counsel denies making any such representation regarding an order to quash.

   We will be submitting an application seeking an order of contempt against U.C. Davis and reimbursement of the expenses associated with this if records are not provided immediately. We will have no choice but to seek reimbursement of expenses from U.C. Davis for failure to comply with a valid subpoena as provided by law. If you believe you relied upon representations by plaintiff's counsel in so doing, we will support your effort to be reimbursed from plaintiff's counsel for such expenses.

                     Very truly yours,

                     MITCHELL, BRISSO, DELANEY & VRIEZE

                     *Nancy K. Delaney*
                     Nancy K. Delaney

NKD/kr
cc:   Vicki I. Sarmiento (*Via vsarmiento@vis-law.com* & Fax: 626-308-1101)

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 16263081101 | 05-06 15:02 | 00:00:42 | 001/001 | OK | |
| 19167342126 | 05-06 15:10 | 00:00:38 | 001/001 | OK | |

Note    TMR: Timer TX, POL: Polling, ORG: Original Size Setting, FME: Frame Erase TX,
MIX: Mixed Original TX, CALL: Manual TX, CSRC: CSRC, FWD: Forward, PC: PC-Fax,
BND: Double-Sided Binding Direction, SP: Special Original, FCODE: F-code, RTX: Re-TX,
RLY: Relay, MBX: Confidential, BUL: Bulletin, SIP: SIP Fax, IPADR: IP Address Fax,
I-FAX: Internet Fax

Result   OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

---

CLIFFORD B. MITCHELL
PAUL A. BRISSO
NANCY K. DELANEY
JOHN M. VRIEZE
WILLIAM F. MITCHELL
RUSSELL S. GANS
NICHOLAS R. KLOEPPEL
- - - - -
VICTOR M. FERRO, Of Counsel

**MITCHELL, BRISSO, DELANEY & VRIEZE, LLP**

ATTORNEYS AT LAW
814 SEVENTH STREET
EUREKA, CALIFORNIA 95501-1114
www.mitchelllawfirm.com

TELEPHONE (707) 443-5643
FACSIMILE (707) 444-9586
E-MAIL: general@mitchelllawfirm.com

P.O. DRAWER 1008
EUREKA, CA 95502
- - - - -
R. C. DEDEKAM, Retired
- - - - -
EMERY F. MITCHELL (1896 - 1991)
WALTER J. CARTER (1949 - 1995)

May 6, 2010

*Via Facsimile: 916-734-2126*
UCDHS — Health Insurance Management
Release of Information Department
2315 Stockton Blvd.
Sacramento, CA 95817
   **Attn: Kathy Cattrell & Gloria Partida**

   Re:    **Cotton v. City of Eureka, et al.**
          Records Pertaining to: Martin Frederick Cotton II
          D/Birth: 9/3/80
          Medical I.D. #105 74 53 1 30-786467008
          Our File: 07-120

Dear Ms. Cattrell and Ms. Partida:

   We are awaiting word from plaintiff's counsel whether a consent will be provided
for release of the Davis records regarding which we were informed that plaintiff's
counsel had represented to you an order to quash the subpoena was being sought.  Please
be advised that plaintiff's counsel denies making any such representation regarding an
order to quash.

   We will be submitting an application seeking an order of contempt against U.C.
Davis and reimbursement of the expenses associated with this if records are not provided
immediately.  We will have no choice but to seek reimbursement of expenses from U.C.
Davis for failure to comply with a valid subpoena as provided by law.  If you believe you
relied upon representations by plaintiff's counsel in so doing, we will support your effort
to be reimbursed from plaintiff's counsel for such expenses.

                                 Very truly yours,

                                 MITCHELL, BRISSO, DELANEY & VRIEZE

                                 *Nancy K. Delaney*
                                 Nancy K. Delaney

NKD/kr
cc:    Vicki I. Sarmiento (*Via vsarmiento@vis-law.com & Fax: 626-308-1101*)

# *EXHIBIT H*

*Law Offices of*

### VICKI I. SARMIENTO

*A Professional Corporation*
333 North Garfield Avenue
Alhambra, California 91801
Telephone (626) 308-1171
Facsimile (626) 308-1101

VICKI I. SARMIENTO, Attorney at Law
VINCENT F. SARMIENTO, Attorney at Law

Santa Ana Office
1617 E. Fourth Street
Santa Ana, California 92701
Telephone (714) 245-9999
Facsimile (714) 245-9998

May 7, 2010

*VIA FACSIMILE AND FIRST CLASS MAIL*
Nancy Delaney, Esq.
MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Avenue
Eureka, California 95501-1114

Re: *Cotton v. City of Eureka, et. al.*

Dear Ms. Delaney:

I have spoken with Dale Galipo regarding your request for release of medical records from U.C. Davis.   We would be agreeable to have Mr. Cotton sign a HIPPA release for medical records from U.C. Davis Medical Center for a time period of 3 years preceding his son's death. You will recall that we provided you a similar HIPPA release for records from St. Joseph's Hospital for a time period of 1 year preceding Mr. Cotton's death and you readily accessed those records.

In looking at correspondence related to the issue of your subpoena to U.C. Davis, I sent you a letter dated February 5, 2010, offering the release of records for a 1 year period before Mr. Cotton's death.   I heard nothing from your office until May 4, 2010, when an attorney from your office called to regarding this matter. Moreover, it was not until May 5, 2010 that you and I spoke about this matter at the depositions in Eureka. I informed you that I would re-visit this issue provided there was some time limitation to your request.

In discussing this matter with Mr. Galipo, it came to our attention that we have not received Mr. Cotton's medical records from HCCF. By copy of this letter to William Bragg, we are requesting the release of medical records in the possession of HCCF pertaining to Mr. Cotton.   We believe that Rule 26 requires an on-going obligation to provide information in defendants' possession, especially in view of the fact that Mr. Cotton died while he was in the custody of HCCF.

Nancy Delaney, Esq.
MITCHELL, BRISSO, DELANEY & VRIEZE
May 7, 2010

Page 2 of 2


        Please let me know if you agree to the proposed three year time limitation, and we
can have Mr. Cotton execute a HIPPA release today and send it to your office by fax.

        I look forward to your response in this regard.

                                        Very truly yours,


                                        VICKI I. SARMIENTO


cc:  Brian Claypool, Esq.
     Dale K. Galipo, Esq.
     William Bragg, Esq.

*Law Offices of*

## VICKI I. SARMIENTO

*A Professional Corporation*
333 North Garfield Avenue
Alhambra, California  91801
Telephone (626) 308-1171
Facsimile (626) 308-1101

VICKI I. SARMIENTO, Attorney at Law
VINCENT F. SARMIENTO, Attorney at Law

Santa Ana Office
1617 E. Fourth Street
Santa Ana, California  92701
Telephone (714) 245-9999
Facsimile (714) 245-9998

## FAX TRANSMISSION COVER SHEET

May 7, 2010

| | | |
|---|---|---|
| TO | : | Nancy K. Delaney, Esq./MITCHELL, BRISSO, DELANEY & VRIEZE |
| FROM | : | Vicki I. Sarmiento, Esq. |
| RE | : | Cotton v. City of Eureka, Case No. 08 CV-04386 SBA |
| YOUR FAX NO. | : | (707) 444-9586 |

No. of pages including cover sheet:  3

| | | |
|---|---|---|
| ☐ FOR YOUR INFORMATION/FILES | ☐ | PER YOUR REQUEST |
| ☐ PLEASE SIGN AND RETURN | ☐ | PLEASE TELEPHONE ME |
| ☐ PLEASE ADVISE ME HOW TO REPLY | ☐ | PER OUR CONVERSATION |
| ☐ FOR YOUR NECESSARY ACTION | ☒ | OTHER: |

**Message:**

**Please see attached letter dated May 7, 2010 regarding release of records from U.C. Davis Medical Center.**

NOTE:  the information contained in this facsimile message is legally privileged and confidential, intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service.

IF YOU DO NOT RECEIVE THE TOTAL NUMBER OF PAGES CALL (626) 308-1171 AS SOON AS POSSIBLE

# *EXHIBIT I*

# MITCHELL, BRISSO, DELANEY & VRIEZE, LLP

CLIFFORD B. MITCHELL
PAUL A. BRISSO
NANCY K. DELANEY
JOHN M. VRIEZE
WILLIAM F. MITCHELL
RUSSELL S. GANS
NICHOLAS R. KLOEPPEL
★ ★ ★ ★ ★
VICTOR M. FERRO, Of Counsel

ATTORNEYS AT LAW
814 SEVENTH STREET
EUREKA, CALIFORNIA 95501-1114
www.mitchelllawfirm.com

TELEPHONE (707) 443-5643
FACSIMILE (707) 444-9586
E-MAIL general@mitchelllawfirm.com

P.O. DRAWER 1008
EUREKA, CA 95502
★ ★ ★ ★ ★
R.C. DEDEKAM, Retired
★ ★ ★ ★ ★
EMERY F. MITCHELL (1896 – 1991)
WALTER J. CARTER (1949 – 1993)

May 7, 2010

*Via e-mail: vsarmiento@vis-law.com*
*& Facsimile: (626) 308-1101*

Vicki I. Sarmiento
Attorney at Law
333 N. Garfield Avenue
Alhambra, California 91801

     Re:   **Cotton v. City of Eureka, et al.**
          Our File:  07-120

Dear Ms. Sarmiento:

There is absolutely no legal basis whatsoever for you to deprive a defendant sued for wrongful death of medical records of the decedent. You have calculated the time period to deny access to records that clearly exist from 2003 based upon the billing records that we provided to you.

Your statement regarding contact is inaccurate. We have spoken with U.C. Davis representatives on multiple occasions in an effort to obtain the records and were repeatedly informed that the representatives were in contact with you and that you were making representations regarding obtaining an order to quash. Also, your letter is clearly inaccurate as our letter of February 19, 2010, to Quest, not only was forwarded to you but also to Mr. Galipo and Mr. Claypool. I personally have discussed the matter with Mr. Claypool and he agreed to talk with you about it within the last few weeks.
It is clear from the billing records that you were provided that there are records from 2003 and your "offer" appears to be an attempt to avoid disclosure of that pertinent information. We accommodated your limitation with respect to the St. Joseph records because Mr. Cotton had not been in the area that long.

We will document the various contacts regarding our efforts to receive these documents in the declaration and leave it to U.C. Davis to confirm the representations that you have made to Davis. We are forwarding a copy of this letter and your letter to

U.C. Davis so that it will have the necessary information to shift any fees awarded as we enforce the subpoena that was properly served months ago. If U.C. Davis wishes to avoid the action, we must be notified this date that the records will be made available to the copy service forthwith. If we do not receive such written confirmation this date, we will proceed with the action against U.C. Davis.

Very truly yours,

MITCHELL, BRISSO, DELANEY & VRIEZE

Nancy K. Delaney

NKD/kr
cc:  Kathy Cattrell & Gloria Partida, UCDHS – Health Insurance Management,
       Release of Information Department (*Via Facsimile: 916-734-2126*)
       Brian Claypool (*Via e-mail: becesq@aol.com & Fax 626-796-9951*)
       Dale K. Galipo (*Via e-mail: dalekgalipo@yahoo.com & Fax 818-347-4118*)
       William R. Bragg (*Via e-mail: wrbragg@yahoo.com & Fax 443-2747*)

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 16263081101 | 05-07 09:57 | 00:01:08 | 002/002 | OK | |
| 19167342126 | 05-07 09:59 | 00:00:57 | 002/002 | OK | |
| 16267969951 | 05-07 10:00 | 00:00:33 | 002/002 | OK | |
| 18183474118 | 05-07 10:01 | 00:00:27 | 002/002 | OK | |
| 4432747 | 05-07 10:02 | 00:00:31 | 002/002 | OK | |

Note   TMR: Timer TX, POL: Polling, ORG: Original Size Setting, FME: Frame Erase TX,
       MIX: Mixed Original TX, CALL: Manual TX, CSRC: CSRC, FWD: Forward, PC: PC-Fax,
       BND: Double-Sided Binding Direction, SP: Special Original, FCODE: F-code, RTX: Re-TX,
       RLY: Relay, MBX: Confidential, BUL: Bulletin, SIP: SIP Fax, IPADR: IP Address Fax,
       I-FAX: Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
        TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
        Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
        LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
        DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

## MITCHELL, BRISSO, DELANEY & VRIEZE, LLP

CLIFFORD B. MITCHELL
PAUL A. BRISSO
NANCY K. DELANEY
JOHN M. VRIEZE
WILLIAM F. MITCHELL
RUSSELL S. GANS
NICHOLAS R. KLOEPPEL
- - - - -
VICTOR M. FERRO, Of Counsel

ATTORNEYS AT LAW
814 SEVENTH STREET
EUREKA, CALIFORNIA 95501-1114
www.mitchelllawfirm.com

TELEPHONE (707) 443-5643
FACSIMILE (707) 444-9586
E-MAIL general@mitchelllawfirm.com

P.O. DRAWER 1008
EUREKA, CA 95502
- - - - -
R.C. DEDEKAM, Retired
- - - - -
EMERY F. MITCHELL (1896 - 1991)
WALTER J. CARTER (1949 - 1992)

May 7, 2010

*Via e-mail: vsarmiento@vis-law.com*
*& Facsimile: (626) 308-1101*

Vicki I. Sarmiento
Attorney at Law
333 N. Garfield Avenue
Alhambra, California 91801

Re:   **Cotton v. City of Eureka, et al.**
      Our File: 07-120

Dear Ms. Sarmiento:

There is absolutely no legal basis whatsoever for you to deprive a defendant sued for wrongful death of medical records of the decedent. You have calculated the time period to deny access to records that clearly exist from 2003 based upon the billing records that we provided to you.

Your statement regarding contact is inaccurate. We have spoken with U.C. Davis representatives on multiple occasions in an effort to obtain the records and were repeatedly informed that the representatives were in contact with you and that you were making representations regarding obtaining an order to quash. Also, your letter is clearly inaccurate as our letter of February 19, 2010, to Quest, not only was forwarded to you but also to Mr. Galipo and Mr. Claypool. I personally have discussed the matter with Mr. Claypool and he agreed to talk with you about it within the last few weeks. It is clear from the billing records that you were provided that there are records from 2003 and your "offer" appears to be an attempt to avoid disclosure of that pertinent information. We accommodated your limitation with respect to the St. Joseph records because Mr. Cotton had not been in the area that long.

We will document the various contacts regarding our efforts to receive these documents in the declaration and leave it to U.C. Davis to confirm the representations that you have made to Davis. We are forwarding a copy of this letter and your letter to